Myrick v. The Board of Commissioners of Montgomery County.

Judgment affirmed, with costs.

*W. Z. Stuart*, for appellant.

*O. Blake*, for appellee.

---

## MYRICK v. THE BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY.

COUNTY TREASURER.—*Commission for Disbursing School Tax.—Statute Construed.*—The provision of section 107 of the school law (3 Stat., Davis, 461) allowing to county treasurers a commission of one per cent. "on the amount of school tax disbursed," refers not only to the tax levied by the State, to be used exclusively for tuition, but also to that levied by the townships, under section 12 of said act, to be expended for building school houses, &c.

SAME.—*Taxes Returned Delinquent by Mistake.*—Where a county treasurer by mistake returned as delinquent certain taxes which had been paid, and such taxes, with the ten per cent. penalty added thereto, were carried to the tax duplicate for the next year; and said treasurer on his final settlement with the county board, paid over, under protest, the amount of said penalty, never collected by him:

*Held*, that he was entitled to recover, in an action against said board, the amount so paid under protest.

APPEAL from the Montgomery Common Pleas.

Suit by the appellant against the appellees. The complaint consisted of two paragraphs. The first alleged, that in the years 1867 and 1868, the appellant was treasurer of Montgomery county, duly qualified and acting as such; that as such treasurer he disbursed special school tax in 1867 to the amount of fourteen thousand two hundred and forty-one dollars, and in 1868 to the amount of fifteen thousand seven hundred and five dollars, for which he was and is entitled by law to one per cent. for his fees for so disbursing said tax, which said board refused to allow him, in his final settlement, amounting to three hundred dollars. The second paragraph alleged, that said board was indebted to him in the sum of one hundred dollars for so much money paid by him to said board against his protest, in his final settlement with said board, the same being ten per cent. penalty added to taxes amounting to one thousand dollars returned delinquent, which had been paid, and returned delinquent through mistake of plaintiff.

A demurrer to both paragraphs of the complaint for want of sufficient facts was sustained, and the appellant excepted. The appellant failing to answer, judgment was rendered against him for costs.

FRAZER, J.—The one hundred and seventh section of the school law (3 Stat., Davis, 461) allows to county treasurers one per cent. "on the amount of school tax disbursed." A question in the case before us is, whether by this provision the treasurer is entitled to the commission of one per cent. upon taxes levied by the townships for building school houses, &c., authorized by section twelve of the same act. This is a question of construction.

The general school law, of which the sections above referred to are a part, provides for only two kinds of taxes for school purposes; one levied by the State, to be used ex-

clusively for tuition; the other to be levied by the townships and to be expended for buildings, furniture, apparatus, fuel, and other incidentals. The first of these taxes is denominated "school revenue for tuition" (sec. 2), but elsewhere in the act called "school revenue" (secs. 116, 117, 118, 123). It is also called, in one instance (sec. 111), "school tax." The other is denominated "the special school revenue" (sec. 12), though it is elsewhere called in the act "special school tax" (secs. 13, 17) and "special tax for school house erection" (sec. 21). Both taxes are for school purposes, and each can properly be called a "school tax;" and we are of the opinion that the use of that language in sec. 107 of the act was intended to comprehend both. Such is the natural import of the words; and it is impossible to imagine a reason which could have influenced the legislature to enact that the treasurer should be allowed a commission upon one of them for disbursing it, and be denied it upon the other. The use of the same words in a single instance in the same act, to designate only the tax levied for tuition, has been noticed, but it is not, in our opinion, convincing that they were used in the same sense in the section which we are required to construe. Nor can we discover, what is suggested in argument for the appellee, that the context indicates that the words as used in sec. 107 refer only to tax for tuition. The sections preceding and succeeding it do not relate at all to either of these taxes.

We are led to the conclusion, therefore, that the court below erred in sustaining the demurrer to the first paragraph of the complaint.

The treasurer, by mistake, returned as delinquent taxes to the amount of one thousand dollars which had actually been paid. These taxes were, with a penalty of ten per cent. added thereto, carried to the tax duplicate of the next year. Of course, this penalty could not be and was not collected by the treasurer. The question presented by the demurrer to the second paragraph of the complaint is, whether

the treasurer was, nevertheless, liable for it. It is too plain to need much consideration. The officer could not be required to account for money which never did and never could come to his hands. If he actually kept the county out of one thousand dollars of its money, by returning taxes as delinquent where they were not delinquent, he was liable upon his bond for the misfeasance. But that is a different affair.

Reversed, with costs, and remanded, with direction to overrule the demurrer.

*P. S. Kennedy* and *R. H. Galloway,* for appellant.

*A. Thompson* and *B. T. Ristine,* for appellee.