## Adams *v.* The Board of Commissioners of Whitley County.

COUNTY TREASURER.—*Fees for Disbursing Special School Tax.*—County treasurers are entitled to one per cent. for collecting and disbursing special school taxes.

SAME.—*Over-Payment by Mistake.*—When, by mistake, ignorance of his rights, or oversight, the treasurer has made a full settlement with the county board, without receiving the commission allowed him by law for the collecting and disbursing of such taxes, he may maintain an action to recover such compensation, if the board, on his claim being properly presented, refuse to allow it.

SAME.—*Voluntary Payment.*—The doctrine of voluntary payments is not applicable to such a case, but the rights of the treasurer and the duty of the board of commissioners are governed by sec. 120 of the assessment law, 1 G. & H. 101.

SAME.—*Case Criticised.*—In the opinion in *Shoemaker* v. *The Board, etc.,* 36 Ind. 175, the scope and effect of said section 120 were limited and restricted too much.

From the Whitley Circuit Court.

*D. C. Chipman, M. A. Chipman,* and *J. B. Black,* for appellant.

*A. Y. Hooper* and *W. Olds,* for appellee.

BUSKIRK, J.—The only question arising in the record is as to the sufficiency of the complaint, to which a demurrer was sustained in the court below. The complaint was in these words:

"John O. Adams, plaintiff, complains of the commissioners of Whitley county, Indiana, defendants, and says, that the plaintiff was treasurer of Whitley county during the years 1867, 1868, 1869, and 1870, duly elected and qualified as such; that during the period aforesaid he collected and disbursed special school tax to the amount of thirty-one thousand three hundred and ninety dollars and ninety-one cents, the same being county revenue, upon which he was entitled to a fee of one per cent. by law; but by mistake, oversight, and ignorance of his rights and title to the same, he was not allowed his fees of one per cent. aforesaid, at any settlement made with the commissioners of said county; that the same remains due and wholly unpaid; that a bill of particulars of the same is filed herewith; that he paid over and accounted to said board, by oversight and mistake, during his said several settlements, for more money than was justly due from him on account of county revenue, and that by said oversight and mistake he paid over to the said county fund the sum of three hundred and twelve dollars and eighty-eight cents, his money and fees aforesaid; that as soon as he discovered said over-payment he demanded the payment of the same from the commissioners back to him, which they refused to pay; wherefore," etc.

Two questions are discussed by counsel. First, was the appellant entitled to a fee of one per cent. for collecting and disbursing the special school tax? Second. Can the appellant, conceding that he was entitled to such per cent., after having settled with the board of commissioners and paid over all the money in his hands, recover the same back from the county?

Both questions were involved and expressly decided in favor of appellant in *Myrick* v. *The Board of Commissioners of Montgomery Co.*, 33 Ind. 383. Counsel for appellee seek

to distinguish that case from this, by showing that in that case the money was paid under protest, while in the present case it was voluntarily paid. In that case, the first paragraph of the complaint was the same as in the present case. The facts were identical, except in that case an allowance was asked in the last settlement, while here it was not asked until after settlement and payment of the money.

In that case, the second paragraph alleged that said board was indebted to him in the sum of one hundred dollars for so much money paid by him to said board, against his protest, in his final settlement with said board, the same being ten per cent. penalty added to taxes amounting to one thousand dollars returned delinquent, which had been paid and returned delinquent through mistake of plaintiff.

We are urgently asked to overrule that case. The decision of the case depended upon the construction to be placed upon various sections of the school law. The case seems to have received careful and thoughtful consideration. The various sections were analyzed and compared, and the unanimous conclusion was reached that the treasurer was entitled to recover. If we ever doubted the correctness of the decision, we would hesitate to reopen the question. The school law is subject to such frequent changes by the legislative department that the judiciary should be very slow in unsettling anything that has been settled in reference thereto. The overruling of that case would open the floodgates of litigation. It has been acted upon as the law in the most of the counties in the State in the settlements between county treasurers and the boards of commissioners. The construction placed upon the school law, in that case, seems to be fair, reasonable, and just. We feel it to be our duty to adhere to it.

In our opinion, the question, which has been so fully and ably discussed by counsel, in regard to the law governing voluntary and compulsory payments, does not arise in the record. The repayment of money to county treasurers where the

same has been improperly paid is regulated by statute. Section 120 of the assessment law reads as follows :

"Whenever it shall appear to the board doing county business in any of the counties of this State, that by reason of erroneous charges on the tax duplicate, or from any other cause, the treasurer of such county has paid and accounted to said board for more money than was justly due from him on account of county revenue, said board doing county business shall direct the auditor to credit said treasurer with the sum or sums thus improperly paid, and order the same to be refunded from the county treasury."   1 G. & H. 101.

Section 121 provides that when similar improper payments have been made to the treasurer of state, the board shall cause the auditor to certify to the auditor of state such improper payment, and the auditor of state is required to credit and allow the same as a claim against the treasury, and the treasurer is required to pay the same out of any money not otherwise appropriated.

Section 122 reads : " The provisions of the two preceding sections shall extend to persons who have been, as well as those who are now, and shall hereafter be, county treasurers."

The court was required in *Shoemaker* v. *The Board, etc.*, 36 Ind. 175, to place a construction upon the above sections, where it said : " We think that it is quite clear, that the above sections have no application to the case under consideration. The manifest purpose of the legislature was to provide a cheap and speedy remedy, without resort to a regular suit in the courts, for such erroneous charges and mistakes in calculations as might, and frequently do, occur, in making out duplicates and collecting taxes.   It was intended to meet and provide for individual and occasional instances of erroneous charges and miscalculations ; that the sections above quoted were not intended to apply to and govern a case like the one under consideration, where an illegal tax had been assessed against the almost entire body of tax-payers in a county."

In the preparation of the opinion in the above case, the attention of the court was mainly called to section 121,

which it was claimed afforded a remedy in that case, and the principal purpose was to show that such section did not apply to the case then in hand.   The scope and legal effect of section 120 was limited and restricted too much by what was said by the writer of the opinion.   What was then said was limited to the words "by reason of erroneous charges on the tax duplicate," and the words "or from any other cause" were overlooked.   The phrase "or from any other cause" is very comprehensive, and embraces a case like the present, where the treasurer from ignorance of his rights paid out and accounted for money which he had the right to retain for his services in collecting and disbursing the special school tax.

It was held in the above case that the remedy provided for obtaining money which had been improperly paid into the state treasury is a special one, and must be strictly pursued, and did not contemplate a resort to the courts, except by *mandamus* to compel a performance of duty by the officer named.   That statement related solely to sec. 121.

It is provided by section 120 that where a county treasurer has paid and accounted to the board doing county business for more money than was justly due from him on account of county revenue, the board shall direct the auditor to credit the treasurer with the sum or sums improperly paid, and order the same to be refunded from the county treasury. This contemplates an application to the board for the relief therein provided for, and if such relief is refused the treasurer may either appeal or bring an independent action.   Sec. 10 of the act relating to allowances by county boards, 1 G. & H. 65.

It appears from the complaint that the appellant presented his claim to the board, who refused to allow the same, and thereupon he brought this action.

In *Myrick* v. *The Board, etc., supra*, it was held that the special school tax constituted a part of the county revenues, as under our laws all taxes were embraced in either state or county revenue.

Adhering as we do to the ruling in that case, we must hold that the court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.