## Scott *v.* The Board of Commissioners of Henry County.

COUNTY TREASURER.—*School Funds.*—*Fee and Salary Act of 1871.*—Section 29 of the fee and salary act of 1871 (Acts 1871, p. 38) allows the county treasurer an annual fixed salary, and "no more, except as hereinafter provided;" but no subsequent provision was made in said act for any allowance for disbursing the school funds of the county; and said act specifically repealed a number of previous acts and all other acts which were in conflict with its provisions; hence, a county treasurer was not entitled to anything for disbursing said funds for the years 1871 and 1872, while said act was in force.

SAME.—*Repeal of Statute.*—So much of section 107 of the school law of 1865 (3 Ind. Stat. 461) as relates to the county treasurer is in direct conflict with section 29 of the act of 1871 (Acts 1871, p. 38), and was repealed by the last named act.

From the Henry Circuit Court.

*J. T. Mellett*, for appellant.

*J. T. Elliott* and *W. H. Elliott*, for appellee.

BUSKIRK, J.—The appellant was treasurer of Henry county in the years 1871 and 1872; and at the June term, 1874, of the board of commissioners of said county, filed a claim against the county of eight hundred and eighty-seven dollars and seventy-eight cents, as such former treasurer, for disbursing the school funds of said county in the years 1871 and 1872. The commissioners refused to allow the claim or any part of it, and the appellant appealed to the circuit court.

In the circuit court, the case was dismissed for want of a

valid cause of action, or legal claim against the county. Scott then appealed to this court.

It is claimed that the appellant is entitled to the amount claimed under section 107 of the school law of 1865 (3 Ind. Stat. 461), which reads as follows:

" County auditors shall receive for their services in man-aging the school funds the two per cent. damages accruing on all sales for non-payments of loans, two per cent. on all loans on which the mortgaged premises are advertised for sale and not sold, and four per cent. on all disbursements of interest; and the county treasurer shall receive one per cent. on all disbursements of interest, and one per cent. on the amount of school tax disbursed; and the sum of said per cent. on disbursements, thus ascertained, shall be paid in the same manner and out of the same revenue, as other services of said officers are paid."

There was no revision of the school law, or of the law regulating the fees and salaries of county officers, or change of the above recited section, either directly or indirectly, prior to 1871, and hence, after its passage in 1865, and up to 1871, county treasurers were entitled to one per cent. on the interest and school tax disbursed by them.

. Prior to 1871, county treasurers were paid for their services by a fixed per cent. on the amount of taxes collected, and graduated according to the total amount collected. See 1 Rev. Stat. 1852, p. 286. Revised again in 1855. See 1 G. & H. 328, the ninth section of which, p. 333, relates to county treasurers. The ninth section was amended and re-enacted in 1861. See Acts of 1861, Special Session, p. 42.

The school law of 1852, approved June 14th of that year, provided, that " the county auditor and treasurer shall receive for their services each two and a half per cent. on all receipts, and disbursements of interest, and upon all sales for non-payment of loans, the five per cent. damages accruing thereon." 1 Rev. Stat. 1852, p. 448, sec. 69.

The fee and salary act of 1852, in addition to the per cent.

allowed the treasurer for collecting taxes, allowed him "two and a half per cent. for securing and paying out all other moneys other than tax and school fund." See Revision of 1852, pp. 286–7. This act was approved June 16th, 1852.

The fee law was revised in 1855, the ninth section of which fixes the fees of county treasurers, and, in addition to per cent. allowed for collecting taxes, allows them "two and a half per cent. for securing and paying out all the moneys other than tax and school fund." 1 G. & H. 333. This section was amended and re-enacted in 1861, and the act of 1861, in addition to the per cent. for collecting taxes, allowed the treasurer "two and a half per cent. on all moneys received and paid out other than tax and school funds," and repealed all laws in conflict with the provisions thereof. See Acts of 1861, Spec. Sess., p. 41.

Then, in 1865, the school law was revised, and section 107 enacted, which has heretofore been set out, and under which the appellant claims.

And so stood the law from 1865 to 1871, during which time, it is conceded, the county treasurers were entitled to the one per cent. on all the interest and school tax disbursed by them. But, in 1871, the legislature revised the fee and salary laws, and, as to the county treasurers, made an entire change in the compensation allowed for their services, and in the mode of its ascertainment, from the per cent. on the moneys received and disbursed to fixed salaries, the twenty-ninth section of which relates to treasurer's fees, and is as follows:

"Section 29. The treasurer of each county shall be allowed the sum of fifteen hundred dollars annually for his services as such officer, and no more, except as hereinafter provided. When the population of the county exceeds ten thousand, he shall have an additional allowance of seventy-five dollars for each one thousand of population of his county over ten thousand to pay for deputies, and shall have in

addition the fees and commissions now allowed by law for the collection of delinquent taxes." Acts of 1871, p. 38.

This section is plain, direct and unequivocal. It fixes, and was evidently intended to fix, the entire compensation to be paid or allowed the treasurer for his whole and entire services as such. And to make the intention of the legislature, if possible, still more clear, the words "and no more" are used in connection with the amount of salary to be paid the treasurer "for his services as such officer."

Since 1852, at least, it has been as much the duty of the treasurer to disburse the interest and the school tax recovered by him, as to collect the taxes on the duplicate, and the annual salary provided by the section is given to him as much for the former as for the latter. It is given for all and every service required of him as such treasurer, by law, except the collection of delinquent taxes, for which he is allowed "the fees and commissions now." (then) "allowed by law." These fees and commissions are paid by the delinquent tax-payers, and are charged and collected by the treasurer when he collects the delinquent tax.

Section 53, p. 44, of the act repeals specifically a number of previous acts, and adds, "and all other acts which are in conflict with the provisions of this act are hereby repealed."

Section 107 of the school law of 1865 allowed the treasurer one per cent. on interest and school tax disbursed by him.

But section 29 of the fee and salary act of 1871, copied above, declared that the treasurer shall be allowed fifteen hundred dollars for his services as such officer, and no more, except as thereinafter provided, and then provides that when the population of the country exceeds ten thousand he shall have an additional allowance of seventy-five dollars for each additional thousand of population to pay for deputies, and also the fees and commissions then allowed by law for collection of delinquent taxes. So much of section 107 of the school law of 1865 as relates to the county treasurer is in

direct conflict with section 29 of the act of 1871, and is therefore repealed by the last named act.

The appellant was treasurer of the county in the years 1871 and 1872, during the time the fee and salary act of 1871 was in force, and the disbursements for which he claims were made under that act, and we think that it is too clear to admit of doubt that there is no legal foundation whatever for the claim.

We are referred, by appellant's counsel, to the cases of *Myrick* v. *The Board, etc.*, 33 Ind. 383, and *Adams* v. *The Board, etc.*, 46 Ind. 454.

The services claimed for in the above cases were rendered after the passage of the school law of 1865, and prior to the passage of the fee and salary act of 1871. It was correctly held in such cases, that the treasurers, during such period, were entitled to the per cent. allowed by section 107 of the school law of 1865. The cases have no bearing upon the question involved in the case in judgment.

Counsel for appellant also calls our attention to section 28 of the act of 1871, p. 38, and especially to the words "*and no more*, except as provided in this act," and insist "that there is no more reason why the auditor should receive the per cent. for managing the school fund than that the treasurer should," and ask, "Why should the words 'and no more,' in section 29 of said act, be construed more effective in repealing section 107 of the act of 1865, than the same words in section 28 of the same act?" We think a satisfactory answer can be given to the question propounded. The words "and no more," of themselves, have no more or greater effect in one of said sections than in the other. But there is a very material difference in the two sections in another respect. Section 28 allows the auditor one thousand five hundred dollars for his services, "and no more, except as provided in this act." It then allows him one hundred dollars for each thousand of population of the county, or a fraction of over five hundred, to pay for deputies, and then adds, "and in addition thereto, he shall be allowed the fees

and commissions allowed to him for services arising out of the management of the school fund," etc. This exception continued in force section 107 of the school law of 1865, so far as it relates to the county auditor, and hence he was entitled to the fees therein provided, until the act of 1873. But section 29 of the said act contains no such exception in favor of the county treasurer. It allows him the salary of one thousand five hundred dollars annually, "and no more, except as hereinafter provided," and no subsequent provision was thereinafter made for any allowance for disbursing the interest and school /tax, and hence he has no right thereto.

Counsel for appellant has pressed upon our consideration the hardship and injustice which would result from a construction which would deprive the appellant of any compensation for his services in the management of the school funds. We concede the hardship and injustice of the discrimination in favor of the auditor and against the treasurer; but such considerations are for the legislature      boards of commission-

Our duty is a plain one, and that is to ascertain and carry out the legislative intention; and it seems very obvious to us that it was the intention to repeal, so far as the treasurer was concerned, the provisions of section 107 of the school law of 1865.

The judgment is affirmed, with costs.