The Board of Comm'rs of Fountain Co. *v.* La Tourette.

---

THE BOARD OF COMM'RS OF FOUNTAIN CO. *v.* LA TOURETTE.

FEES AND SALARIES.—*County Treasurer.*—*Common School Fund.*—*Repeal of Statute.*—As far as the same related to the compensation of county treasurers for receiving and disbursing the school fund, section 107 of the act of March 6th, 1865, 3 Ind. Stat., p. 440, concerning common schools, was repealed by section 5 of the fee and salary act of March 8th, 1873, Acts 1873, p. 119.

SAME.—Under the latter act, county treasurers were entitled to no specific fee for receiving and disbursing the school fund.

SAME.—*Fines.*—Fines collected in criminal cases belong to the permanent school fund.

SAME.—*Redemption from Tax Sale.*—*Docket Fees.*—Under the act of 1873, *supra,* county treasurers were entitled to five per centum on sums received on redemption from tax sales, and also from docket fees.

From the Fountain Circuit Court.

*T. L. Stilwell* and *H. H. Dochterman,* for appellant.

*S. M. Cambern* and *L. Nebeker,* for appellee.

BIDDLE, J.—Henry La Tourette, treasurer of Fountain county, filed his claim against the appellant, for officially receiving and disbursing money, other than taxes, from August 15th, 1873, to August 24th, 1875, as follows:

Item 1. Redemption from tax sales, on $2,733.82,
at 5 per ct. - - - - $136.69
" 2. Fines, on $414.85, at 5 per ct. - - 20.74
" 3. Docket fees, on $440.00, at 5 per ct. - 22.00
" 4. Liquor licenses, on $2,850.00, at 5 per ct. 142.50
" 5. Com. School Revenue, $34,112.91, - 341.12
" 6. Tuition tax, $11,419.13, - - - 114.19

$777.24

The claim was disallowed by the appellant, and the appellee appealed to the circuit court, wherein he recovered judgment for $636.70.

The appellant prepared the case for this court, and has brought it before us.

The claim of one per cent., for receiving and disbursing the school revenue, is founded on section 107 of the school law of 1865, 3 Ind. Stat., p. 461. The claim of five per cent., for the remainder of the account, is based upon the act regulating fees of officers, approved March 8th, 1873, Acts 1873, Spec. Sess., p. 119.

In the case of *Scott* v. *The Board of Comm'rs, etc.,* 51 Ind. 502, we held, that section 107 of the school law of 1865 was repealed by section 29 of the fee and salary act

of 1871. According to this authority we must hold, that section 5 of the act of 1873 repeals section 107 of the act of 1865. Indeed, it is impossible to uphold both sections or construe them together; the last act, therefore, must prevail.

By section 5 of the act of 1873, the county treasurer was not entitled to any per cent., for receiving and disbursing the school funds, specifically. The appellee, therefore, is not entitled to the fees claimed for collecting and disbursing the fund arising from fines for criminal offences, because such fines are a part of the permanent school fund. *Hanlon* v. *The Board of Comm'rs, etc.*, 53 Ind. 123.

The appellee admits in his brief, that the item for collecting and disbursing the fund arising from liquor licenses was not proved, nor included in the verdict; but we think he is entitled to recover on the first and third items of his account. This view settles the question which both parties regard as controlling the decision of the case.

The appellant raised a question, by a demurrer to the fifth paragraph of answer, as to its sufficiency, but does not seem to discuss the point with great confidence.

The paragraph seems to us so clearly insufficient, that we do not deem it necessary to state its averments, or consider the question at length.

The evidence is in the record and stands uncontradicted.

The amount due is mere matter of calculation. It is clear that the appellee was entitled to recover one hundred and fifty-eight dollars and sixty-nine cents, at the time the judgment was rendered. He may remit all in excess of this amount, within thirty days, and have the judgment affirmed, at his costs; otherwise the judgment must be reversed, and a new trial granted.