THE STATE, EX REL. THE ATTORNEY GENERAL, ET AL. *v.* THE BOARD OF COMMISSIONERS OF NEWTON COUNTY.

NEW TRIAL.—*Agreed Case.*—A motion for a new trial is unnecessary in an action tried under section 386 of the practice act, on an agreed statement of facts.

FEES AND SALARIES.—*Statutes Construed.*—*Docket Fees belong to State, and not to County or Clerk.*—The docket fees taxed to the losing party by the clerk under the fee and salary acts of Feb. 21st, 1871, March 8th, 1873, and March 12th, 1875, did not belong to him, but were to be paid over by him into the county treasury ; and, under section 6 of the act of March 5th, 1859, 1 R. S. 1876, p. 775, such fees must be paid over to the State as her property.

From the Newton Circuit Court.

*C. A. Buskirk*, Attorney General, and *A. Hall*, for appellants.

*J. R. Troxell*, for appellee.

BIDDLE, J.—The State, on the relation of the Attorney General, sued the Board of Commissioners of Newton County and Andrew Hall, the clerk of the Newton Circuit Court, for certain docket fees collected by said clerk, which he claimed as his own fees, and which were also claimed by the board of commissioners as belonging to the county. The case was tried by the court upon an agreed statement of facts, and a finding had in favor of the board of commissioners, against the State and the clerk. The State and clerk separately moved for a new trial, on the ground that the finding of the court was not sustained by the agreed statement of facts, and was contrary to law. Both motions were overruled, and both parties excepted. Both parties also move for judgment on the finding—the State in its favor, and Hall in his favor—but the court overruled the motions and rendered judgment on the finding, to which both parties excepted, and have both appealed.

This case was tried under section 386 of the code, 2 R. S. 1876, p. 190, which authorizes parties to submit any matter of controversy between them upon an agreed case, whereupon the court shall proceed to try the same and render judgment as in other cases. Under this section it is not necessary to move for a new trial, because the facts agreed to would necessarily be the same on a second trial

as they were upon the first, and thereby nothing would be gained. *Fisher* v. *Purdue*, 48 Ind. 323.

The agreed statement of facts is quite too long, with its schedules of fees in detail, to set out at length, but may be condensed, and still fairly present the case, as follows:

Andrew Hall was clerk of the Newton Circuit Court, from the 21st day of February, 1871, until the 21st day of April, 1876. During his term of office he collected docket fees to the amount of $102, under the act of Feb. 21st, 1871, sec. 16, Acts 1871, p. 30. He collected docket fees to the amount of $726.00, under the act of March 8th, 1873, sec. 4, Acts 1873, p. 121; and also collected docket fees to the amount of $70.00, under the act of March 12th, 1875, 1 R. S. 1876, p. 468, sec. 5; making in all the aggregate sum of $898.00. This amount Hall claims as his own, but paid it into the county treasury, under protest, and subject to the decision in this case. These facts, with the acts cited, sufficiently present the question under consideration.

The argument presented in favor of Hall is as follows:

" 1.    That in authorizing the clerk to tax and collect docket fees in the acts of 1871, 1873 and 1875, the Legislature intended such fees to be taxed for services performed by the clerk; that this intent was legitimate and proper and expressed in the manner prescribed in the constitution, and has the force of law.

" 2.    That the direction to pay fees 'into the county treasury' or 'to the county treasurer,' not being in harmony with the purpose of the law, was inadvertently placed therein, and does not represent the true legislative intent, and has not, therefore, the force of law.

" 3.    That the Legislature, having authorized the clerk to tax and collect a fee for a service by him performed, has not the constitutional power to compel him to pay that fee into a public treasury for a public use, without compensation; but, if it had such power, and intended in this case

to exercise it, it has not indicated such intent in the manner prescribed by the constitution, and it is therefore void."

We do not concur with this reasoning, as applied to these laws. It is true that the sections which provide for docket fees, in the several acts above cited, state that the clerk shall tax certain fees, " for the services by them performed," amongst which the docket fee is mentioned; but, as to the docket fees, each of the same sections expressly enacts that they are " to be paid into the county treasury." The remaining items of fees expressed in these sections, for which the clerk performs services, belong to the clerk; but the express enactment, as to docket fees, for which he performs no services, that the clerk shall pay them into the county treasury, is wholly inconsistent with property in the fees as belonging to himself. Nor can we perceive any reason why they should go to the clerk. They are not for services by him performed, as expressed in the sections. They are incident to the losing party, and are not " clerk's fees, " in any fair sense of the meaning of words. This question is incidentally decided in the following cases: *The Board of Commissioners of Fountain Co.* v. *La Tourette,* 60 Ind. 460 ; *The State* v. *Record,* 56 Ind. 107.

But the State also claims the docket fees.

By section 6 of the act of March 5th, 1859, 1 R. S. 1876, p. 775, the clerk of each circuit court is required to pay to the treasurer of his county all docket fees received by them on account of the business of the court, which the treasurer, in the language of the statute, shall pay " into the state treasury, at his annual settlement for state revenue."

This act governs the disposal of the docket fees in question. All the subsequent acts, fixing the amount of fees and salaries, must be held as passed in reference to this act; and, as they do not repeal or change the former act

in this respect, it was not necessary to re-enact the section requiring docket fees in the circuit court to be paid into the State treasury. During twenty years, we believe, the legislative, executive and administrative departments of the State government have so understood and applied the law; and this, in our opinion, is its correct interpretation. The payment of the docket fees into the county treasury, under the law, would no more make them the property of the county, than the payment of the State revenue into the county treasury, according to law, would make that also the property of the county.

The judgment is reversed, at the costs of the appellees, and the cause remanded, with instructions to render judgment in favor of the State according to this opinion.

Petition for a rehearing overruled.