The Board of Commissioners of Cass County *v.* Adams.

No. 9103.

THE BOARD OF COMMISSIONERS OF CASS COUNTY *v.* ADAMS.

COUNTY COMMISSIONERS.—*Appeal.*—*Summons.*—*Notice.*—The members of a board of county commissioners are bound to take notice of an appeal from the commissioners' court, and need not be served with summons.

PLEADING.—*Demurrer.*—*Waiver.*—Filing an answer before there has been a ruling on demurrer waives the demurrer.

SAME.—The same degree of strictness in pleading is not required in commissioners' courts as in courts of general, superior jurisdiction.

SAME.—*Statute of Limitations.*—*Demurrer.*—In an action on account, where it appeared in the complaint that the statute of limitations had run against the claim sued on, but it did not appear that such claimant was not within some of the exceptions in such statute, a demurrer thereto was properly overruled.

COUNTY TREASURER.—*Special School Tax.*—*Fees for Distribution.*—A county treasurer is entitled to a fee of one per cent. for collecting and distributing the special school tax.

From the Cass Circuit Court.

*D. B. McConnell, R. Magee* and *S. T. McConnell,* for appellant.

*H. C. Thornton, M. Winfield* and *D. P. Baldwin,* for appellee.

ELLIOTT, C. J.—The appellee filed in the commissioners' court of Cass county a claim for compensation for collecting and disbursing the special school tax, which had been received and paid out by him as the treasurer of the said county. The board refused to allow his claim, and he appealed to the circuit court, and there recovered judgment.

In the circuit court the appellant entered a special appearance and moved to dismiss the appeal. This motion was overruled, and upon that ruling error is assigned. The ground of the motion is that no summons was served upon the commissioners. It was not necessary that any writ should have been served upon them, for they were bound to take notice of the appeal.

The appellant demurred to the complaint, but, before the

demurrer was ruled upon, an answer was filed. The filing of the answer waived the demurrer. The error alleged upon the ruling on demurrer is not well assigned, for the very plain reason that there was no such ruling as that alleged.

It is assigned for error that the complaint does not state facts sufficient to constitute a cause of action. The principal question presented upon the complaint has been decided adversely to appellant. In *Adams* v. *The Board, etc.*, 46 Ind. 454, it was held that a county treasurer was entitled to a fee of one per cent. for collecting and disbursing the special school tax, and that he might recover, notwithstanding the fact that he had previously made a settlement with the board of commissioners.

Fault is found with the structure of appellee's claim or complaint, and doubtless, if the action had been commenced in the circuit court, the criticism of counsel would have prevailed. The same strictness in pleading is not, however, required in the commissioners' court as in courts of general, superior jurisdiction. In the case of *The Board, etc.*, v. *Wood*, 35 Ind. 70, it was said : "No formal complaint, in such a case is necessary." A claim in the form of an ordinary account is sufficient. *The Board, etc.*, v. *Shrader*, 36 Ind. 87 ; *Jameson* v. *The Board, etc.*, 64 Ind 524.

The complaint shows that the last services for which compensation is claimed were rendered more than six years before the claim was filed, and this fact appellant insists shows that the complaint is bad. We think otherwise. The appellant should have pleaded the statute of limitations. There are cases, it is true, where advantage of the statute may be secured by demurrer, but this is not one of them. There is nothing in the complaint showing that the appellee was not within some of the exceptions stated in the statute. A demurrer will prevail only in cases where it appears that the plaintiff is not within any of the exceptions.

Judgment affirmed.