No. 10,670.

## WOLFE, AUDITOR OF STATE, v. THE STATE, EX REL. KENNARD, TREASURER.

COUNTY COMMISSIONERS.—*Erroneous Payments by County Treasurer.—Certificate of County Auditor.—Duty of Auditor of State.—Duty of State Treasurer.*—Under the provisions of sections 6510 and 6511, R. S. 1881, whenever it appears to the board doing county business, in any county, that improper or erroneous payments have been made by the county treasurer to the State Treasurer, the county auditor is required, under the order and direction of the county board, to certify, under his seal of office, such improper or erroneous payments to the Auditor of State, whose duty it is to audit and allow the same as a claim against the State Treasurer, and he is required to pay such claim out of any moneys not otherwise appropriated.

SAME.—*Judicial Duties.—Ministerial or Administrative Functions.*—In ascertaining that improper or erroneous payments have been made by the county treasurer to the State Treasurer, the county board does not sit as a court nor discharge judicial duties, but merely performs the ministerial or administrative functions of such county board, under sections 5916 and 5917, R. S. 1881, in the inspection and examination of the office and books of such county treasurer.

SAME.—*Ministerial Duty.—Judicial Power.—Mandate.*—Where the county auditor, under the direction of the county board, has certified to the Auditor of State that improper or erroneous payments have been made by the county treasurer to the State Treasurer, the Auditor of State has no judicial power, under the statute, over the claim so certified; but it

is the plain ministerial duty of the State Auditor to audit and allow such payments as a claim against the State Treasurer, and if, upon reasonable request, the State Auditor refuse to issue his warrant for such payments so certified, he may be compelled by mandate to perform his duty.

SAME.—*Certificate of County Auditor.—Defence.—Fraud or Mistake.*—Where the county auditor, under his seal of office and by the direction of the county board, certifies that improper or erroneous payments have been made by the county treasurer to the State Treasurer, such certificate is *prima facie* right and correct and binding upon the Auditor of State, and it can not be impeached or successfully defended against, except upon the grounds of fraud in its procurement or issue, or of mistake therein.

From the Superior Court of Marion county.

*F. T. Hord,* Attorney General, for appellant.

*A. C. Harris* and *W. H. Calkins,* for appellee.

HOWK, J.—In the verified complaint of the appellee's relator in this case, he alleged, in substance, that he was the treasurer of Carroll county, and the appellant was the Auditor of State of the State of Indiana; that, during the years 1878, 1879, 1880 and 1881, many of the owners of real estate in Carroll county did not pay the taxes legally assessed for State and county purposes, and their lands were, therefore, advertised for sale in the manner and form provided by statute, and the legal costs for such advertising were charged against, and made a lien upon, such lands; that Carroll county paid the costs and expenses incurred in making such advertisements, from year to year as required by law, out of the county funds; that, by law, the Auditor of State was required to furnish proper forms and blanks for the county officers to make to such Auditor their semi-annual statements; that the forms so provided for the years aforesaid, failed to notice or make any provision for the retention by the county, out of the taxes collected by the county treasurer, the several aggregate amounts received on account of the costs of advertising lands thereon as aforesaid and collected by the treasurer, and thereby the county was required to account with and report to the Auditor of State and pay over to the State Treasurer, on said

several statements, the State's aliquot part of the gross sum of taxes and printer's fees added and collected at the same time; whereas the county was entitled to withhold and retain the sum so collected on account of charges added for costs of advertising.

The relator further alleged that, on the 2d day of January, 1882, the board of commissioners of Carroll county, being in lawful session, and the matters aforesaid having been brought to its notice, proceeded to investigate the same, and it then and there appeared to such board, by clear and sufficient proof, that the mistakes aforesaid had been made by the treasurer of such county in making his settlements for the years aforesaid, in which he had accounted for and paid to the State more money than was justly due the State, to wit: For 1878, $124.45, for 1879, $279.50, and for 1881, $271.80; and that thereupon the county board made an order setting out the facts aforesaid, and directing the county auditor to certify the same, under his seal of office, to the Auditor of State, which was done accordingly. A copy of such order and certificate was set out at length in the relator's complaint.

The relator further averred that afterwards the said order was duly presented to the Auditor of State, at his office, and demand was properly made upon him to audit and allow the the same as a claim against the Treasurer of State, but the Auditor of State, wholly disregarding his duty in the premises, refused so to do, although there was sufficient money in the State treasury, not otherwise appropriated, to pay the same, and he also refused to receive, audit and allow the claim, so that the county might take credit on the next settlement to be made with the State officers. Wherefore the relator prayed that a writ of mandate be issued, directing and requiring the Auditor of State to audit and allow the aforesaid claim in favor of Carroll county, and for other proper relief.

The cause was put at issue and tried by the court at special term, and a finding was returned by the appellee's relator, and judgment was rendered accordingly, requiring the appel-

lant, and his successor in office, to audit and allow the aforesaid claim in favor of Carroll county, and draw his warrant therefor on the State treasury, in favor of the relator or his successor in office. On appeal this judgment was affirmed by the court in general term, and from the judgment of affirmance this appeal is now here prosecuted.

The relator's complaint is founded upon the order of the board of commissioners of Carroll county, certified by the county auditor, under his seal of office, to the Auditor of State, and the refusal of the appellant, as State Auditor, to audit and allow the claim therein preferred as a claim against the State Treasurer. It is claimed by the relator that the order of the county board in the premises was fully authorized by the provisions of sections 6510 and 6511, R. S. 1881, and that, under those sections, it became and was the statutory duty of the appellant, as the Auditor of State, upon the presentation to him of such certified order, to "audit and allow the same as a claim against the State Treasurer." These sections of the statute provide as follows:

Sec. 6510. "Whenever it shall appear to the board doing county business in any of the counties of this State, by clear and sufficient proof, that, by reason of erroneous charges in the tax duplicate, or from any other cause, the treasurer of such county has paid and accounted to said board for more money than was justly due from him on account of county revenue, said board doing county business shall direct the auditor to credit said treasurer with the sum or sums thus improperly paid, and order the same to be refunded from the county treasury."

Sec. 6511. "Whenever similar improper or erroneous payments have been made by any county treasurer to the State Treasurer, the board doing county business shall direct the auditor to certify said improper or erroneous payments to the Auditor of State, under his seal of office, who shall audit and allow the same as a claim against the State Treasurer, and said treasurer shall pay the same out of any moneys not otherwise appropriated."

The order of the board of commissioners of Carroll county, as certified by the county auditor, under his seal of office, to the Auditor of State, and set out in the relator's complaint, substantially conforms to and complies with the provisions of the above quoted sections of the statute. The order of the county board and the certificate of the county auditor were in substance as follows:

"STATE OF INDIANA, CARROLL COUNTY, ss:

"Commissioners' Court, January Special Term, 1882.

"In the matter of settlement with State Treasurer:

"Be it remembered that, heretofore, to wit, at the commissioners' court, January special term, 1882, held at the courthouse in the city of Delphi, and on the first day of said term, being the 2d day of January, 1882, and, among other things, the following were had, to wit:

"Whereas, It has been the custom of Carroll county to add the costs of advertising delinquent lands and town lots for sale to the delinquent taxes upon the several tax duplicates, at each advertisement, thereby augmenting the delinquent taxes on such lands and lots to the extent of said costs of advertising thus added; and,

"Whereas, There are a number of tracts upon which the taxes are being paid from time to time, which have been advertised a number of times before said payments are made, on which the costs of advertising amount to a large percentage of the sum of said taxes when paid; and,

"Whereas, The county is compelled to pay the publisher out of the county treasury, the costs of such advertisements, thereby making such amounts as have been added to the delinquent taxes as above mentioned a specific county fund; and,

"Whereas, The auditor and treasurer, in making the distribution of the delinquent taxes collected and settled for on the May and December settlement sheets for 1878, 1879 and 1881, distributed said delinquent taxes to the various funds represented on the tax duplicates, including in said distribution said cost of advertising which had been added to the

delinquent taxes as aforesaid, and collected at each of said settlements in May and December, 1878, 1879 and 1881 ; and,

"Whereas, It has been the practice of all the counties of this State to deduct the cost of advertising delinquent lands each year from the gross collections of delinquent taxes as shown upon the May settlement sheets of each year, before distributing said delinquent taxes to the several funds entitled thereto, thereby reimbursing said counties for said costs which had been added to the delinquent taxes and distributed to the various funds as heretofore mentioned.   This custom of adjusting said account and reimbursing the county was made necessary by the forms of settlement sheets as prepared by the respective State Auditors, and has been the practice for a great many years ; and,

"Whereas, There was no provision made in the May settlement sheets of 1878, 1879 and 1881, for deducting the costs of advertising the delinquent lists of these years from the delinquent taxes collected and settled for on said May settlement sheets of 1878, 1879 and 1881, thereby compelling said Carroll county to pay to the State and various funds other than county revenue a large proportion of said costs of advertising, which was collected at said May and December settlements of 1878, 1879 and 1881, which costs so collected, rightfully and justly belong to the county revenue of Carroll county ; and,

"Whereas, The said costs of advertising delinquent lands and lots in Carroll county, for the years hereinafter named, are as follows, to wit:

For the year 1878 . . . . . . . . . . . . . . . . . $124.45
For the year 1879 . . . . . . . . . . . . . . . . . 279.50
For the year 1881 . . . . . . . . . . . . . . . . . 271.80

    Total . . . . . . . . . . . . . . . . . . . . $675.75

"Now, therefore, the board of commissioners of Carroll county, being in lawful special session on this, the 2d day of January, 1882, it is ordered by said board, after a careful ex-

Wolfe, Auditor of State, *v.* The State, *ex rel.* Kennard, Treasurer.

amination of the foregoing statement, that it does appear to said board by clear and sufficient proof, that erroneous payments have been made by the treasurer of Carroll county to the Treasurer of State, to the extent of the collections of the costs of advertising delinquent lands and lots, which have been paid to said State Treasurer at the May and December settlements, in the years 1878, 1879 and 1881.

"And it is further ordered by the board that the auditor of Carroll county be hereby directed to certify to the Auditor of State said erroneous payments, as above set forth, under his seal of office, and that said Auditor of State be requested to pay the same to the treasurer of Carroll county, or, at his option, to allow said Carroll county to deduct said costs of advertising for each of said omitted years from the May settlement sheet in 1882, in accordance with the manner of adjusting said account and reimbursing said Carroll and other counties for said costs for more than twenty-five years immediately preceding the year 1878, as shown by the settlement sheets now on file in the office of the Auditor of State.

" STATE OF INDIANA, CARROLL COUNTY, SS :

" I hereby certify that the foregoing is a complete and true copy of the order of the board of commissioners on record in my office in relation to said matter. Given under my hand and official seal, at Delphi, this 22d day of March, 1882.

    [SEAL.]              /            "H. DUNKLE,
                                  "Auditor Carroll County."

By a proper assignment of error here, the appellant has brought before this court the errors assigned by him in the court below in general term, in substance, as follows :

1. The court erred in refusing to require the plaintiff to make his complaint and writ more specific, by giving a statement of the items for which the board of commissioners of Carroll county made an allowance.

2. The court erred in overruling a demurrer filed by appellant to the complaint and writ in this cause.

3. The court erred in sustaining a demurrer to the second

paragraph of defendant's return to the alternative writ herein.

4. The court erred in overruling defendant's motion for a new trial.

5. The finding of the court was contrary to law.

6. The finding of the court was contrary to the evidence.

We will consider and decide the several questions presented and discussed by the learned counsel of the appellant, in his elaborate and exhaustive brief of this cause, and arising under the alleged errors, in the order of their assignment.

1. The record shows that at the proper time the appellant moved the court at special term to require the appellee's relator to make his complaint more specific, in the following particulars:

"*First.* To give an itemized statement of the cost of advertising delinquent lists, setting forth the name of each delinquent taxpayer, whose land was advertised for sale for the payment of taxes, of whom the cost of advertisement was collected, and of which part was paid into the State Treasury; and what proportion, collected from each person, was paid over to the State Treasurer; also a statement of the full amount of such cost collected off of delinquents, and paid into the State Treasury, to enable the defendant to defend against the same; and for the reason that the action of the board is a judgment in its own favor upon its own claim, and it is not authorized to act thereon, and its judgment is void, being *ex parte,* without notice and against public policy.

"*Second.* To require the petitioner to give an itemized statement of his claim, or a bill of particulars, for the reason that the defendant can not audit without inspection of the claim, and it is the duty of the auditor of the county to certify up a statement of the items, as the defendant can not determine whether the money was improperly or erroneously paid to the State Treasurer, and the judgment of the commissioners is not conclusive on the defendant.

"*Third.* That petitioner be required to specifically set

forth and separate the amount paid to the State Treasurer of the costs collected from delinquent taxpayers, and that part of the costs of advertising the delinquent tax lists not collected of said delinquents, for the reason that the State is not liable for the cost of advertising the delinquent lists, but the county of Carroll must pay the entire cost of advertising such sales."

We are of opinion that the court did not err in overruling this motion. The first two points specified in the motion proceed upon the theory that the county board acts judicially in ascertaining, under the provisions of section 6511, above quoted, that improper or erroneous payments have been made by the county treasurer to the State Treasurer, and in directing the county auditor to certify such payments to the Auditor of State, to be audited and allowed, and paid by the State Treasurer out of any moneys not otherwise appropriated. Upon this theory, it is claimed that the action of the county board, in such case, is a judgment in its own favor upon its own claim, and that such judgment is void, being *ex parte*, without notice and against public policy. But this theory, as it seems to us, is not authorized by the provisions of the statute. The county board does not act judicially or as a court, under the provisions of the section quoted, in ascertaining that improper or erroneous payments have been made by the county treasurer to the State Treasurer, and its direction to the county auditor to certify such payments to the Auditor of State is not a judgment either in form or substance. In section 5916, R. S. 1881, it is made the duty of the county treasurer to " so arrange and keep his books that the amount received and paid out on account of separate and distinct funds or specific appropriations shall be exhibited in separate accounts ; " and in the next section, 5917, it is provided that " He shall, at all times, keep his books and office subject to the inspection and examination of the board of county commissioners ; and shall exhibit the money in his office, to such board, at least once each year."

Under these sections of the statute, it is made the duty of

the county board to inspect and examine the books of the county treeasurer, showing the amounts received and paid out by him on account of the separate and distinct funds. If it appear, upon such inspection and examination, that improper or erroneous payments have been made by the county treasurer to the State Treasurer, then, under section 6511, above quoted, it is made the duty of the county board to direct the county auditor to certify such payments to the Auditor of State, under his seal of office, to be audited and allowed as a claim against the State Treasurer, and by him paid out of any moneys not otherwise appropriated.

The duties imposed upon the county board by these statutory provisions, we think, are clearly ministerial and not judicial. In *Shoemaker* v. *Board, etc.*, 36 Ind. 175, in construing a section of a former statute, identical in its terms with section 6511, *supra*, this court said : "But the remedy provided for obtaining money that has been improperly paid into the State treasury is a special one, and must be strictly pursued. It does not contemplate a resort to the courts. The matter must be presented to the board doing county business, which shall direct the county auditor to certify such improper or erroneous payment to the Auditor of State, under his seal of office, who shall audit and allow the same as a claim against the treasury, and the treasurer shall pay the same out of any moneys not otherwise appropriated. There is a valid appropriation as provided by the constitution, but the remedy provided must be strictly pursued, or the Auditor of State would have no power to audit such claim. No power is conferred upon the courts to take jurisdiction, or render any decree in the premises. If the Auditor of State should refuse to audit such claim he might be compelled to do so by mandate." *Adams* v. *Board, etc.*, 46 Ind. 454.

In the case at bar, it is shown by the complaint that the remedy provided in section 6511, above quoted, was strictly pursued by the county board of Carroll county, and that under its direction the county auditor certified

under his seal of office, to the Auditor of State, the improper and erroneous payments made by the county treasurer to the State Treasurer. The action of the county board and county auditor, in the premises, is *prima facie* right and correct, we think, and constitutes the basis of the relator's action. When the order and certificate were presented to the Auditor of State, it became his duty under the statute to audit and allow the amount certified as a claim against the State Treasurer. The case is not one in which the Auditor of State was entitled to any bill of particulars. The order and certificate, made under and in conformity with the statute, were the foundation of the relator's action, and these were set out in his complaint.

The third point in the motion to make more specific is founded upon the assumption that the order and certificate, set out in the complaint, embrace moneys which had not been collected from delinquents, and had not, therefore, been paid to the State Treasurer. This assumption was not warranted, we think, by anything alleged in the relator's complaint.

What we have already said, we think, disposes of the alleged error of the court, in overruling appellant's demurrer to the relator's verified complaint and alternative writ, as these pleadings were certainly sufficient to entitle the relator to some relief. It was shown thereby, clearly and unequivocally, that moneys belonging to the county fund of Carroll county had been paid by the county treasurer to the State Treasurer; that such payments were improper and erroneous; that, in strict conformity with the provisions of sections 6510 and 6511, above quoted, the county board of such county had ascertained the amount of such payments, and had directed the county auditor to certify the same, under his seal of office, to the Auditor of State; and that, upon the presentation of such order and certificate, the State Auditor had refused to audit and allow the same as a claim against the State Treasurer. The complaint and alternative writ were each sufficient, we think, to withstand the appellant's demurrer thereto.

It is claimed by the appellant's counsel that the court erred in sustaining a demurrer to the second paragraph of the answer or return to the complaint and alternative writ. In this paragraph the appellant stated in substance that the claim set out in the complaint was the property of the board of commissioners of Carroll county; that the county board was the owner of such claim, and the only party in interest connected therewith, and would receive, have and own the money by the enforcement of its judgment; that the county board, being the owner of such claim, could not hear, settle, adjust and determine such claim against the State, or in any way act thereon, and had no jurisdiction thereof; that the State of Indiana, through its officers or otherwise, had no notice of the pendency of such claim before the county board prior to its action thereon; that the proceeding before the county board was not binding on the appellant as to the existence, accuracy, legality or justice of such claim; that the appellant, as the Auditor of State, was the only person, tribunal or authority authorized to audit, hear and allow or disallow such claim; that prior to the institution of this suit the relator presented the order of the county board to the appellant, and no other or different claim, and did not present any itemized statement of such claim; that, on the presentation of such claim to the appellant, as such auditor, prior to the institution of this suit, the appellant examined, investigated and heard such claim, and, in the exercise of his judgment and discretion in the matter, without malice, honestly and in good faith, he disallowed and refused such claim; that the action of the appellant thereon was final and conclusive; and, therefore, the appellant demanded judgment.

The court committed no error, as it seems to us, in sustaining the relator's demurrer to this answer or return of the appellant. It states no fact which shows, or tends to show, any error, mistake or fraud either in the order of the county board or the certificate of the county auditor, and such order and certificate can not be attacked or impeached, we think, except

for error, mistake or fraud therein.   We have already said that the county board does not act judicially, but simply in the discharge of a ministerial or administrative duty, in ascertaining that improper and erroneous payments have been made by the county treasurer to the State Treasurer, and in directing the county auditor to certify such payments, under his seal of office, to the Auditor of State.   The General Assembly, the sovereign power of the State, in the statutory provisions above quoted, expressly authorized the action of the county board of Carroll county in the premises; and although such action was not, as we think, a judgment, yet, *prima facie*, it was correct and right, and binding and conclusive upon the Auditor of State, unless he could show error, fraud or mistake therein.   It was the plain, statutory duty of the appellant, as the Auditor of State, to audit and allow the relator's claim as certified by the county auditor, under the direction of the county board, as a claim against the State Treasurer, and none of the facts alleged by him, in the second paragraph of his answer or return, were sufficient to excuse his non-performance of such duty.   In such a case as this we think the county treasurer is a proper relator to enforce the repayment into the county treasury of money belonging to the county fund.

The only question properly presented for decision, by the alleged error of the court in overruling appellant's motion for a new trial, is the sufficiency of the evidence to sustain the finding of the court.   Upon this question we have no doubt. The order of the county board and the certificate of the county auditor, with the appellant's admission that he had refused to audit and allow the same as a claim against the State Treasurer, made a *prima facie* case for the appellee's relator.   No evidence was offered for the purpose of showing error, fraud or mistake in such action of the county board.   Upon the evidence, therefore, the court was bound to find, we think, as it did, for the appellee's relator.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.