No. 53.

## TAYLOR *v.* BOSWORTH.

JUDGE.—*Special Appointment.—Special Judge Non-Resident of Circuit.— Exceptions.*—A judge appointed a special judge to try a cause, which appointment was made in open court by an order duly entered in the order-book, and in pursuance thereof such special judge qualified and filed his written oath with the clerk, which oath was also entered in the order-book, and the whole proceedings signed by the regular judge. Afterwards an appointment in due form was made out by the judge at his residence in an adjoining county and filed, and no objection was made to it at the time of filing.

*Held*, that there was no error in the appointment of the special judge; that the fact that the special judge was a resident of another judicial circuit did not disqualify him from acting; that the appointment as entered in the records was sufficient without the special appointment; and that no question was presented concerning the filing of the special appointment, because of the fact that no objections were made at the time it was filed.

SAME.—*Bill of Exceptions.*—A bill of exceptions signed by the special judge, reciting that his written appointment was signed by the regular judge at his residence in another county, and transmitted to the clerk by express, presents no question on appeal.

PLEADING.—*Board of County Commissioners.*—In an action before a board of county commissioners for services rendered a county by an attorney, a statement of account, showing the items of the claim, is sufficient.

COUNTY COMMISSIONERS.—*Employment of Attorney.*—The fact that a county has an attorney regularly employed to attend to the legal business of the county, does not prohibit the board of county commissioners from employing a second attorney, especially if the first contract is void because of the length of employment.

SAME.—*Practice.—Dismissal on Appeal.—Refusal to Plead.*—The practice on

appeals from county commissioners is to try cases upon the issues made before the commissioners; but if both parties and the court act upon the theory that issues should be made in the circuit court, a withdrawal, by the defendant, of his answer, and an announcement by him of an intention to abide the result of a demurrer sustained to a part of it, justifies the court in dismissing the appeal at his costs.

From the Jay Circuit Court.

*D. T. Taylor, R. H. Hartford* and *W. H. Williamson*, for appellant.

CRUMPACKER, J.—Thomas Bosworth filed a claim before the board of commissioners of Jay county, for services as county attorney, in the form following :

" STATE OF INDIANA, JAY COUNTY, ss. :

" Jay County to Thomas Bosworth, Dr.

" To services as county attorney, as per contract, for third quarter, 1888, $50.00."

The board of commissioners allowed the claim, and ordered it paid. Within the time allowed by law for appeals Taylor, the appellant, filed an affidavit in the auditor's office stating that he was a resident taxpayer of Jay county, and was aggrieved by the decision of the board of commissioners allowing Bosworth's claim, and asked an appeal from such decision to the Jay Circuit Court. At the same time he filed an appeal bond in due form, which was approved by the auditor, and a transcript of the papers and proceedings was filed in the clerk's office.

At the February term, 1889, of the Jay Circuit Court, Bosworth moved for a change of venue from the regular judge, and in support of his motion filed a sufficient affidavit. The motion was sustained, and the presiding judge, by order duly entered in the court order-book, appointed the Hon. Pierre Gray special judge to try the cause. The special judge at once filed his written oath with the clerk, and it was spread upon the order-book with the court proceedings. Immediately following such appointment Taylor filed written objections thereto, denying the authority of the special

judge to sit, on the ground that no written appointment had been made out and filed, reciting that in the opinion of the regular judge it would be difficult to procure the attendance of a judge of some other court. The question was taken under advisement, and in the meantime a written appointment, in due form, was filed by the regular judge and spread upon the record, and Taylor's objections to the appointment were then overruled, and the special judge assumed jurisdiction of the cause.

A demurrer was filed to the complaint, and overruled. An answer, in three paragraphs, was filed; the first of which was the general denial; the second and third were substantially alike, and stated that in 1887 the county commissioners had, by a written contract, employed Messrs. Taylor and Hartford as attorneys for Jay county for a term of three years, and that they were competent, skilful attorneys, and were ready, willing, and able, during all of that time to perform all of the duties of their employment; but disregarding such contract the commissioners afterwards employed the appellee as county attorney, and the claim filed in this action was for his salary as such attorney. The written contract was made part of the answer.

A demurrer was sustained to each of the special paragraphs of answer, after which the appellant withdrew the first paragraph, said he would plead no further, but abide by his exceptions; thereupon the court ordered the appeal dismissed, and gave the appellee judgment for his costs.

It is insisted, *first*, that the appointment of the special judge was without authority, and void. A bill of exceptions is in the record, signed by the special judge, which recites that his written appointment was signed by the regular judge at Decatur, Indiana, twenty-six miles from the court-house in Jay county, and that it was transmitted to the clerk by express.

This recital in the bill of exceptions can not be considered as raising any question for decision. No objection was made

to the filing of the written appointment at the time it was filed, and no exception to any ruling of the court was brought into the record by such recital. This question was settled adversely to the appellant in the case of *Schlungger* v. *State*, 113 Ind. 295.

The appointment was first made by the court, by an order duly entered in the order-book, and in pursuance of this appointment the special judge qualified and filed his written oath with the clerk. This, too, was spread upon the order-book and was among the court proceedings signed by the judge. We are inclined to the view that this was a substantial compliance with the law, in all its mandatory features. Afterwards an appointment in due form was made out and filed, and no objection was made to it at the time. There was no error in the appointment of the special judge. The fact that the special judge was a resident of another judicial circuit did not disqualify him from acting.

The appellant next insists that the trial court erred in overruling the demurrer to the complaint. There was no error in this decision.

A statement of account, showing the items of the claim, is sufficient in this class of cases. *Stout* v. *Board, etc.*, 107 Ind. 343; *Newsom* v. *Board, etc.*, 92 Ind. 229; *Board, etc.*, v. *Ritter*, 90 Ind. 362; *Board, etc.*, v. *Adams*, 76 Ind. 504; *Jameson* v. *Board, etc.*, 64 Ind. 524.

No error was committed by the court below in sustaining the demurrer to the special paragraphs of answer.

It was no defence to the appellee's claim for services to say that his employer had previously engaged others to perform the same service, and then wrongfully discharged them. Besides, the identical contract set out in the answer was declared void as against public policy in the case of *Board, etc.*, v. *Taylor*, 123 Ind. 148.

It is also contended that the court erred in dismissing the appeal, and entering judgment for the appellee for costs, without hearing any evidence.

The practice on appeals from county commissioners is to try cases upon the issues made before the commissioners, but in this case both parties and the court acted upon the theory that issues should be made in the circuit court, and when the appellant withdrew his answer, and announced his intention to abide by his exceptions, the court properly understood him as declining to further prosecute his appeal, and did right in dismissing it.

There is no available error in the record.

The judgment is affirmed, with costs.

Filed April 2, 1891.