# FISHER *v.* PURDUE.

| 48 | 323 |
|----|-----|
| 144 | 349 |
| 147 | 226 |
| 48 | 323 |
| 149 | 553 |
| 48 | 323 |
| 167 | 176 |

AGREED STATEMENT OF FACTS.—*New Trial.*—Where a case has been presented to the court below upon an agreed statement of facts, under sec. 386 of the code, 2 G. & H. 222, no motion for a new trial is contemplated or necessary. The facts being agreed upon, there is no question for decision except the law as it arises upon the agreed facts. It is like a demurrer to the evidence or a special verdict.

SAME.—*Exception.*—Unless an exception is taken to the decision of the court upon an agreed statement of facts, no question is in the record for the decis-

ion of the Supreme Court. The rule appears to be general, that where a party wishes to have a decision of a subordinate court reviewed in this court, he must except to such decision, at the time it is made, in proper and legal form.

From the Boone Circuit Court.

*J. McCabe,* for appellant.

*H. W. Chase* and *J. A. Wilstach,* for appellee.

DOWNEY, J.—This was a case presented to the circuit court upon an agreed statement of facts, under sec. 386, p. 222, 2 G. & H. The facts agreed upon are stated as follows: " On the 5th day of April, 1866, Purdue obtained judgment in the Boone Circuit Court, on change of venue from the Warren Circuit Court, against Elizabeth D. High, widow, and others, heirs at law of Charles High, deceased, for thirty thousand. dollars and costs, and for the foreclosure of a mortgage therefor, executed by the deceased upon sixteen hundred and fifteen acres of land in Warren county. On the 29th day of January, 1867, Purdue purchased the interest of said Elizabeth D. High, in the mortgaged premises, for ten thousand dollars, and took a deed therefor, and in the same month he purchased and took a deed for the interest of all the heirs at law of said deceased. On the 15th day of January 1867, one Miller, as administrator of the estate of said Charles High, deceased, under an order of the Common Pleas of Warren County, sold all the mortgaged premises, subject to the interest therein which descended to said Elizabeth D. High, as widow, and subject to said Purdue's judgment, to Benjamin F. Gregory, and made him a deed therefor, which was confirmed by the court. In July, 1870, Gregory sold and conveyed the lands by quitclaim to Jacob F. Marks. On the 1st day of February, 1871, an order of sale was duly issued by the clerk of the Boone Circuit Court, at the request of Purdue, on said judgment, then wholly unpaid, to the sheriff of Warren county, commanding him to make the amount of the judgment, interest, and costs by sale of the land. This order of sale came to the hands of the sheriff on the 3d day of February, 1871, and pursuant to the command thereof, Fisher immediately

advertised the lands for sale, at the court-house door in Williamsport, on the 4th day of March, 1871, by posting the required notices and advertising the same in a newspaper, as required by law. On the 17th of February, 1871, while the order of sale was in Fisher's hands, Purdue purchased the equity of redemption in the lands from Marks, for the sum of two thousand five hundred dollars, about one thousand three hundred dollars of which was paid in cash, and the residue went to pay the taxes in arrear on the land. Immediately thereafter, by writing, Purdue directed Fisher to return the order of sale without further proceedings thereon, and paid him, on account of his fees and costs upon the order of sale, thirty-one dollars and twenty-five cents, which was in full of all fees and costs due said sheriff thereon, unless he is entitled to commission or poundage upon the same and the amount of money which he was commanded to make. The sheriff, in pursuance of the written order of Purdue, on the 22d day of February, 1871, returned the order of sale to the clerk of the court and taxed, as his fees and commissions thereon, the sum of four hundred and forty-seven dollars and thirty-four cents. The land described in the order of sale was worth thirty-six thousand dollars when the order was returned. The judgment has not been paid, in whole or in part, except as it may be satisfied or merged by the conveyances above set forth. Purdue, plaintiff, contends that said taxation of fees for commissions, by said defendant, upon said order of sale, is illegal, and asks the court to adjudge accordingly and enjoin their collection. Fisher, defendant, contends that said taxation of fees for commissions upon the order is legal, and asks the court to order and adjudge the said Purdue liable to pay the same."

An affidavit was annexed to the agreed statement of facts, stating that the facts are true ; that the controversy was real, and the proceeding in good faith to determine the rights of the parties.

Upon the hearing of the cause, the court adjudged that the defendant, Fisher, was not entitled to the commissions charged,

Fisher v. Purdue.

and that he should be and was enjoined from collecting the same, and also that he pay the costs. '

From this ruling the defendant, Fisher, appealed to this court, and has assigned the same as error.

It is objected, *in limine*, by the appellee, that as there was no motion for a new trial, and no exception taken in any form to the ruling of the court, no question is presented for our decision.

We are of the opinion that no motion for a new trial in such case is contemplated or necessary. The facts being agreed upon, a new trial could make no change in them. The facts having been ascertained, there is no question for decision, except the law as it arises upon the facts agreed upon. The question is one of law, and not of fact or of fact and law. The case is, in substance, the same as where there is a demurrer to the evidence or a special verdict, in which cases the only duty which the court has to perform is to determine the law applicable to the facts as they are in the record.

We are of opinion, however, that without an exception to the decision of the court upon the facts, no question is in the record for decision by this court. The rule appears to be general, that where a party wishes to have a decision of a subordinate court reviewed in this court, he must except to such decision at the time it is made, in proper and legal form, or otherwise the objection will be deemed to be waived. 2 G. & H. 208, sec. 342, *et seq.; Vance* v. *Cowing,* 13 Ind. 460; *Dickerson* v. *Turner,* 15 Ind. 4.

In this condition of the record, the judgment must be affirmed.

The judgment is affirmed, with costs.