## CARLTON v. CUMMINS.

PARTNERSHIP.—*Dissolution.*—*Bonus.*—Where no definite time for the continuance of a partnership has been agreed upon, it may be dissolved at any time, at the option of any member of the firm. The fact that, upon entering into the partnership, one of the partners paid a bonus for a good-will established by the other partner, will not prevent the latter from dissolving the partnership at any time, or render him liable to the former for damages for such dissolution.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*Baker & Mitchell* and *O. T. Chamberlain,* for appellee.

DOWNEY, J.—This action was brought by the appellant against the appellee. It was submitted upon an agreed statement of facts, under section 386, p. 222, 2 G. & H.

There was an affidavit that the controversy was real, and the proceedings in good faith, to determine the rights of the parties, attached to the agreed statement of facts. The court found and rendered judgment for the defendant. The plaintiff excepted to the conclusions of law of the court.

It is assigned as error, that the court erred in the conclusions of law upon the agreed facts.

The facts agreed upon are as follows:

"It is agreed by and between the parties hereto, that on the 1st day of July, 1873, the defendant, Stephen M. Cummins, was a dental surgeon, located at the town of Elkhart, in the county of Elkhart, in the State of Indiana, there having an established business, worth at the rate of about four thousand dollars per annum; that said Cummins had an established reputation as a good, competent dentist, of more than ordinary skill; that he was about thirty-five years of age, and of ordinary health; that on the day last aforesaid, the said defendant had an office, furniture, tools, implements and materials requisite to carry on his business, of the value of three thousand dollars; that on said day it was verbally agreed by and between said plaintiff, who is about sixty-five years of age and in ordinary health, and defendant, as follows:

that, in consideration of the conveyance by plaintiff to defendant of an eighty-acre tract of land, at the estimated price of three thousand six hundred dollars, said land being in Elkhart county, and the State of Indiana, and described as the south half of the north-east quarter of section three (3), township thirty-seven (37) north, range four (4) east, the defendant sold to the plaintiff an undivided one-half interest in the good-will of his office, also one-half of his furniture, tools, implements and materials then owned by said Cummins and in use in his dental business, and formed a co-partnership with said plaintiff, and said Cummins agreed to and did furnish the further sum of one hundred dollars for the use and benefit of said office, the firm business being carried on in the name of S. M. Cummins, the said Carlton being a silent or dormant partner, and that each was to receive one-half the profits of said partnership business, and each to bear one-half the expenses and losses of the same, the said Cummins agreeing to bring and furnish into said partnership business his labor and skill, reputation and good-will of his office, and said Carlton furnishing, with the consent of said Cummins, as a substitute for himself, he being ignorant and unskilful in the dental business, one Frank Carlton, his son, aged about thirty-five years, and of ordinary health, a practical dentist, but having less skill and reputation than said Cummins, and then being established in the business as a dentist in the State of Iowa, having there a good, living business, worth about one thousand dollars per annum; and that said Cummins entered into said partnership principally because of failing health, and because he needed relaxation from business and absence from his office, and because said Frank Carlton was able to conduct and carry on said business in the absence of said Cummins; that said co-partnership was not fixed or limited to any time, but the same was left without any agreement as to duration, and the term of its continuance was such as the law would imply from the terms of said co-partnership between them above agreed, in the absence of any contract or agreement as to its duration; that said part-

nership continued until the 18th day of July, 1874, when
said Cummins dissolved the same, contrary to the wish and
against the consent of the plaintiff and his said son, the said
defendant insisting that he had a right to dissolve said part-
nership at his election, without incurring any liability further
than to account for one-half of the profits of the business
during the continuance of said firm, and for one-half of the
furniture, tools and implements and materials of said firm,
and the plaintiff controverting the right to dissolve and also
controverting the measure of defendant's liability as claimed
by him, and insisting that he is entitled to compensation for
the loss arising from the dissolution of said partnership, and
to compensation for the loss of defendant's services, skill and
reputation, and good-will of said defendant and of said firm.
It is agreed that the net profits of said Cummins and Carlton
in the business, for the year ending July 1st, 1874, were
about four thousand eight hundred and fifty dollars. It is
further agreed and admitted that said Cummins and Carlton
have amicably settled the amount said Cummins is to pay
for said Carlton's interest in the said office furniture, fixtures,
materials, tools and accounts standing out, said Cummins
retaining said office and partnership property; and that the
only question in dispute submitted to the court is the dam-
ages the plaintiff ought to recover because of the dissolution
by defendant. It is also agreed and admitted that, of the
three thousand six hundred dollars paid by plaintiff to defend-
ant, as aforesaid, two thousand dollars was for the good-will
of the office, and the balance for the tangible property of the
same. It is further agreed that if the court shall be of
opinion that the plaintiff should recover any damages on
account of said dissolution, the court shall assess the amount
thereof in dollars and cents, and the court shall order the
same to be paid by defendant's reconveying to plaintiff
the said land at the rate of forty-five dollars per acre; and
if a quantity less than the whole of said land be sufficient
to compensate said damages, then it shall be taken in
the form of a rectangle off the east end of said land, and

if the whole of said land be not sufficient to compensate said damages, the whole of said land shall be decreed to be reconveyed, and the balance shall be a personal judgment against defendant.

" J. D. CARLTON, Plaintiff.

"STEPHEN M. CUMMINS, Defendant."

As to the mode of presenting questions in such cases as this, see *Fisher* v. *Purdue*, 48 Ind. 323.

The assignment of error presents a question of some interest, but not of much difficulty. Whether a partnership, which, by the agreement of the parties, is to continue for a definite time, may be terminated without the consent of all the partners before the expiration of the time agreed upon, is not a question in this case. Nor is it a question whether the party not assenting to the dissolution in such a case, if there can be such dissolution, can recover damages from the other party resulting from the dissolution. It is clear that in this case there was no definite time agreed upon for the continuance of the partnership.

We are aware that it is not necessary that there should be an express stipulation, in order to create a partnership for a certain period; but that its intended duration may sometimes be ascertained by implications or presumptions, arising from the acts and conduct of the parties and other accompanying circumstances. This is, however, in the nature of an exception to the general rule, which is, that where no certain limit of its duration is fixed, the contract is deemed to be a mere partnership at will, and dissoluble at the will of any one or more of the partners. Story Part., secs. 269, 277. There must, in the very nature of the case, be great difficulty, it seems to us, in determining from the mere implications and circumstances and the acts and conduct of the parties, that the partnership is to continue for any fixed and definite period.

In the case under consideration, we do not see that there are any circumstances from which it can be inferred that the

partnership was to continue for any definite time.    The fact that a bonus was paid by the appellant can not have that effect.

It is conceded that there are cases where, when a bonus has been paid by one party, and the other has wholly failed and refused to comply with the contract, there may be a right of action for a return of the bonus paid.

But the case under consideration is not a case of this kind. Here the partnership relation continued for more than a year.

Counsel for the appellant solves the difficulty which attends the fixing of any definite period for the continuance of the partnership, by insisting that if it should be held that the appellee had the power to dissolve the partnership as he did, the measure of damages to which he subjected himself thereby was one-half of whatever sum might have been earned by him "until he should die or become so feeble he could do no more."    The difference between such a construction of the contract as would prevent the appellee from dissolving the partnership and that contended for, which would give the appellant damages on the theory that it extended throughout the lifetime of the appellee, or so long as he could work, is more in form than in substance.    Counsel contends that the good-will of the dental establishment belonged equally to the appellant and appellee, and then insists that the damages of the appellant should be assessed on the basis of the profits of the business for "the joint lives of the parties, or, in other words, the appellant being much the older man, on the legal average of his life, at least."    We do not think these positions can be sustained.    We are of the opinion that the circuit court committed no error in its ruling on the agreed facts of the case.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.