No. 9924.

## THE WESTERN UNION TELEGRAPH COMPANY v. FRANK.

ASSIGNMENT OF ERROR.— *Practice.*— *Supreme Court.*—*Agreed Statement of Facts.*—Where the evidence upon a trial consists of an agreed statement of facts, conclusions of law can not be stated; and a specification, " The court erred in its conclusions of law upon the agreed statement of facts," . presents no question.

SAME.— *Specification.*— *Conclusions of Law.*— A specification, " The court erred in rendering judgment upon said conclusions of law," presents no question for consideration.

SAME.—*New Trial.*—*Bill of Exceptions.*—In such case, to question the correctness of the finding, a motion for a new trial is necessary, and the agreed statement must be incorporated in the record by a bill of exceptions, or otherwise.

From the St. Joseph Circuit Court.

*W. G. George,* for appellant.

*G. Ford,* for appellee.

FRANKLIN, C.—Appellee sued appellant for the statutory penalty for failing to transmit a message. The suit was commenced before a justice of the peace; trial and judgment for appellee, and appellant appealed to the circuit court.

In the circuit court the cause was submitted for trial upon an agreed statement of the facts. The court found for appellee in the sum of $100, and rendered judgment upon the finding. The errors assigned in this court are:

1st. The court erred in its conclusions of law upon the agreed statement of facts.

2d. The court erred in rendering judgment upon said conclusions of law.

Neither of these specifications of error presents any question for consideration. No motion for a new trial was made, and no bill of exceptions was filed, embracing the agreed statement of facts as the evidence. It was not a proceeding under the 386th section of the code of 1852 (R. S. 1881, sec. 553), for there was no affidavit attached as therein required. The difference between submitting a case under that section and

the use of an agreed statement of facts as the evidence, upon the trial of issues regularly formed, has been recognized in a number of decided cases. *Slessman* v. *Crozier*, 80 Ind. 487; *Downey* v. *Washburn*, 79 Ind. 242; *Godfrey* v. *Wilson*, 70 Ind. 50; *Manchester* v. *Dodge*, 57 Ind. 584.

Under the provisions of the 341st section of the code of 1852 (551st section of the revision of 1881), there can be no conclusions of law stated unless based upon the finding of the facts and at the request of one of the parties. In this case there were no disputed facts to find, and, as there could be no conclusions of law stated, the finding could only amount to a general finding for the plaintiff; and the specification in the assignments of errors, that "The court erred in rendering judgment upon said conclusions of law," presents no question for consideration.

The judgment below must be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it it in all things affirmed, with costs.