No. 11,500.

PENNSYLVANIA COMPANY v. NIBLACK.

PRACTICE.—*Judgment.—Exceptions.—Bill of Exceptions.—Supreme Court.*— Without a bill of exceptions showing specific objections, an exception to the form or substance of a judgment presents no question in the Supreme Court.

SAME.—*Trial by Agreed Case. —Agreement. —Evidence.—Record.*—Where the record shows pleadings, and an issue and trial by the court, and a general finding, though the facts are agreed upon in writing, with an affidavit annexed showing that the controversy is real, it is not an agreed case under section 553, R. S. 1881, but the agreement is simply evidence, and is no part of the record unless made so by bill of exceptions or order of court.

SAME.—*Assignment of Errors.—Case Explained.*—In such case an assignment of error, that the court "erred in rendering judgment for the appellee," presents no question in the Supreme Court. *Warrick, etc., Ass'n* v. *Hougland,* 90 Ind. 115, explained.

From the Knox Circuit Court.

*S. O. Pickens,* for appellant.

*G. G. Reily* and *W. C. Niblack,* for appellee.

HAMMOND, J.—This was an action by the appellant against the appellee to quiet title to real estate. The appellee answered by the general denial. There was a trial by the court upon an agreed statement of facts, which is copied by the clerk in the transcript, and which premises, that, "For the purpose of the trial of this case, it is agreed by plaintiff and defendant that the facts in this case are as follows:" then follows a statement of the facts agreed upon. An affidavit is filed to the effect that the controversy is real and the proceedings in good faith to determine the rights of the parties. The court, upon this statement of facts, found for the appel-

lee. No exception was taken to the finding. The appellant moved for a new trial on the ground that the finding was contrary to the law and the evidence. This motion was overruled; the appellant excepted, and was given sixty days in which to file a bill of exceptions, but the same was never filed. Judgment was rendered for the appellee that the appellant take nothing by its complaint, and that the appellee recover of the appellant his costs, to which judgment, as the clerk recites in the record, the plaintiff excepted. The only error assigned by the appellant in this court is as follows: "The court erred in rendering judgment in favor of the appellee and against the appellant on the agreed statement of facts submitted."

It is manifest that the record presents no question for our consideration touching the merits of the controversy between the parties. An exception to the form or substance of a judgment, unless presented in a bill of exceptions showing the specific objections that were urged against the judgment in the court below, brings nothing before this court for its decision. *Teal* v. *Spangler*, 72 Ind. 380; *Douglass* v. *State*, 72 Ind. 385; *Adams* v. *LaRose*, 75 Ind. 471; *Merritt* v. *Pearson*, 76 Ind. 44; *Ex Parte Hayes*, 88 Ind. 1; *Whipple* v. *Shewalter*, 91 Ind. 114; 2 Works Pr., section 1030. In any event, the objection to a judgment could only go to its form or substance and could not present any question as to the sufficiency of the evidence to sustain the finding or verdict upon which it was rendered. The judgment in the present case was such as was authorized by the pleadings and the finding of the court, and we can not see what valid objection can be urged against it.

This was not an agreed case under section 553, R. S. 1881, but it was a trial upon an agreed statement of facts used merely as evidence. But it is not material whether it be considered as an agreed case or a trial upon an agreed statement of facts used simply as evidence. In either case the record presents no question. In an agreed case under section 553,

*supra,* no pleadings are required, nor is a motion for a new trial necessary. But to present any question to this court there must have been an exception taken to the conclusions of law upon the agreed facts, and such conclusions must be assigned as error in this court. Neither of these things has been done in the present case. In a trial upon an agreed statement of facts, as the evidence.in the case, such statement does not become a part of the record unless made so by bill of exceptions or order of court. Neither of these methods was adopted to bring the evidence into the record. Consequently the evidence is not before us; and besides, even if the evidence were in the record, we could not consider it, as no error is assigned on the overruling of the appellant's motion for a new trial. These conclusions are amply sustained by numerous decisions of this court. *Fisher* v. *Purdue,* 48 Ind. 323; *Carlton* v. *Cummins,* 51 Ind. 478; *Manchester* v. *Dodge,* 57 Ind. 584; *State, ex rel.,* v. *Board, etc.,* 66 Ind. 216; *Martin* v. *Martin,* 74 Ind. 207; *Slessman* v. *Crozier,* 80 Ind. 487; *Lofton* v. *Moore,* 83 Ind. 112; *Western Union Tel. Co.* v. *Frank,* 85 Ind. 480; *Zeller* v. *City of Crawfordsville,* 90 Ind. 262; *Hall* v. *Pennsylvania Co.,* 90 Ind. 459; Busk. Pr. 255; 1 Works Pr., sections 249, 811, 812, 813.

As the record comes to this court we are compelled to affirm the judgment of the court below. Affirmed, with costs.

NIBLACK, J., did not participate in the decision of this case.

Filed June 28, 1884.

### ON PETITION FOR A REHEARING.

HAMMOND, J.—Appellant claims that the conclusion reached in the foregoing opinion is in conflict with the *Warrick Building and Loan Ass'n* v. *Hougland,* 90 Ind. 115. It appears from the statement of that case that there was an exception to the judgment, but whether there was any exception to the finding or conclusions of law on the agreed facts is not shown. The precise question of practice involved in this case was not considered in that. The opinions of this

court usually state only so much of the record as is essential to clearly present the questions controverted. It was said in the case cited that " there must be an exception to the decision of the court upon the agreed statement of facts, in order to reserve any question for this court." It was not decided in that case that an exception to the judgment was sufficient. It clearly is not, as is shown in the cases cited in the principal opinion. We could not change our conclusions without overthrowing a number of well considered cases. The practice to which we adhere is in harmony with that in the analogous case of a special finding of facts, where, to save any question for this court, there must be an exception to the conclusions of law. 1 Works Pr., section 809.

Petition for a rehearing overruled.

NIBLACK, J., took no part in the decision of this case.

Filed Dec. 20, 1884.