Filed May 1, 1895.

* * *

No. 17,082.

BUTLER ET AL. *v.* THORNBURGH, ADMINISTRATOR.

MORTGAGE.—*Purchase-Money Mortgage.—What Constitutes.—Right to Foreclose Against Marital Rights of Wife.—Real Estate.*—D. and B. were owners of certain lands which became incumbered with mortgages and other liens. R. made an arrangement with all the holders of such liens, according to which the liens might be paid off and discharged if he could raise the money for that purpose; thereupon R. proposed to T. that if he (T.) would furnish the money with which to pay off and discharge said liens, the said D. and B. would convey the lands to R., and that R. would execute to T. a mortgage upon such real estate to secure said money, all of which arrangements were carried out by the respective parties, M., the wife of R., joining with him in the execution of the mortgage to T. R. paid nothing for the land, except the execution of the notes and mortgage to T., and did not agree to pay D. and B. anything more for said lands, unless he could make something out of it over and above what would be required to discharge the incumbrances.

*Held,* that the mortgage executed to T. is senior in right and superior to any claim or right to any portion of the lands described therein of the said M., wife of R., and that any interest which she may

have in the lands is inferior to, and subject to, the amount of said mortgage, and that T. is entitled to foreclose the same against her, as a purchase-money mortgage.

PRACTICE.—*Exception to Ruling.*—*Supreme Court Practice.*—An exception to a ruling of the trial court is essential to make the ruling available on appeal as a reserved question of law.

From the Henry Circuit Court.

*M. E. Forkner,* for appellants.

*W. A. Brown* and *J. Brown,* for appellee.

HOWARD, J.—This was an action to foreclose a mortgage on real estate, brought by the appellee against the appellants.

It is first contended on this appeal that the court erred in overruling the demurrer to each paragraph of the complaint.

The action was originally brought by Milton Thornburgh, the appellee's intestate, who recovered judgment against appellants, and obtained a decree of foreclosure, and for the sale of the real estate. From this judgment an appeal was taken to this court, where the judgment was reversed as to the interest in the land held by the appellant Martha Butler as wife of her coappellant, Rollin T. Butler.   *Butler* v. *Thornburgh,* 131 Ind. 237.

On the return of the case to the trial court, the death of Milton Thornburgh was suggested to the court in a supplemental complaint, and the appellee, as his administrator, was substituted as party plaintiff. This we think was all done in substantial compliance with the provisions of the statute.   Section 272, R. S. 1894 (section 271, R. S. 1881).

Whatever irregularity there may have been in this regard was, as we think, merely verbal, and as the irregularity, if any, might have been corrected on the trial, it will be considered here that the correction was so made. Indeed, the appellants, in the caption of their answer to

the complaint, recognize the appellee as properly substituted as party plaintiff in the action.

It is said, further, that the second paragraph of the complaint is defective inasmuch as it does not allege that Martha Butler executed the mortgage. This paragraph is drawn on the theory that the mortgage was in effect a purchase-money mortgage. As such it was not necessary that the wife of Rollin T. Butler should execute the mortgage. This was also expressly decided on the former appeal, where it was said: "If the husband of the appellant had, prior to his purchase from his mother and brother, owned no portion of the land, and had thereby acquired the whole title, then the mortgage would have represented purchase-money only, and the appellant would, as against this mortgage executed by her husband, have had no claim to the land, or any part of it." *Butler* v. *Thornburgh, supra.*

We think it does appear from the second paragraph of the complaint that the lands in question had been owned by the mother and brother of Rollin T. Butler, that in their hands the lands were encumbered to an amount in excess of their value; that they were conveyed to Rollin T. Butler by his mother and brother in order that he might, and with the understanding that he should, by giving his notes and mortgage thereon, procure sufficient money to pay off the liens upon the lands; that this was the sole consideration given by him for the deed to him from his mother and brother; that he did procure such money from appellee's intestate, and thus paid off and released such former liens; and that he gave to said intestate for the money so procured, and used the notes and mortgage in suit.

This paragraph of the complaint, after alleging these facts, alleges further, that as to the amount so secured to appellee's intestate in said mortgage, appellee's "claim

and right in and to said real estate is paramount and superior to the marital rights of the said Martha Butler, notwithstanding she may not have executed said mortgage.''

There can be no doubt of the correctness of this position. Neither Martha Butler nor her said husband paid anything for the land. The only consideration for the deed to him was that he should raise money on the land for the payment and removal of the old liens upon it. This he did, and the appellee's intestate furnished the money, for which money he received the notes and mortgage here sued upon. This mortgage is protected by all the rights of a purchase-money mortgage. The precise holding to that effect was made on the former appeal.

Neither is it true that the original lienholders, all of whose claims have been paid off and released, should be made parties. The facts pleaded show that they have no interest. By section 2656, R. S. 1894 (section 2495, R. S. 1881), Martha Butler, as wife of Rollin T. Butler has, according to the allegations of the complaint, no interest in the lands as against the mortgagee. Her only right is the right to redeem from the sale on foreclosure. *Baker* v. *McCune*, 82 Ind. 339; *Bowman* v. *Mitchell*, 97 Ind. 155; see, also, *Curtis* v. *Gooding*, 99 Ind. 45; 2 Jones Mort., section 1395.

The next assignment of error discussed by counsel is that the court erred in its conclusions of law upon the facts found.

The facts, as found by the court, were: That prior to the date of the mortgage and notes in suit, Diza Butler, the mother, and Barton Butler, the brother, of the appellant Rollin T. Butler, were the owners in fee simple of all the lands described in the mortgage; that while the said Diza and Barton Butler were such owners, all of said lands became encumbered with mortgage and other

liens to an amount much greater than the sums set forth in the notes and mortgage in suit; that Rollin T. Butler appellant made an arrangement with all the holders of such liens, according to which the liens might be paid off and discharged if he could raise the money for that purpose; that the lien-holders agreed to the arrangement; that the said appellant, Rollin T. Butler, thereupon proposed to Milton Thornburgh, appellee's intestate, that if the said Thornburgh would furnish the money with which to pay off and discharge said liens, the said Diza and Barton would convey the lands to Rollin T., whereupon the said Rollin T. would execute to Thornburgh a mortgage upon said real estate to secure said money; that said arrangements were carried out, the deed made, the liens discharged and the mortgage given, all in accordance with said agreements; that Martha Butler, appellant, joined in the execution of the mortgage; that Rollin T. Butler paid nothing for the land, [except the execution of the notes and mortgage to said intestate, and did not agree to pay to his said mother and brother anything more for said land, unless he could make something out of it over and above what would be required to discharge the encumbrances; that about two months prior to the transactions aforesaid, Diza Butler executed and delivered to said Barton Butler a quit claim deed of conveyance for ninety-six acres of land contained in said mortgaged premises, which deed was never recorded, and had been given to him in trust, to enable him to raise money with which to pay the said encumbrances, and to return to her, for her support, whatever he could make out of the lands over and above said encumbrances, and pay her nothing over that; that whilst he held said deed he discharged no liens on said lands, and the said Diza Butler joined in the deed with Barton Butler and his wife to Rollin T. Butler, as above found, as a substitute for the

unrecorded quit claim deed before that time made; that the mortgages and liens so paid off by appellee's intestate were valid liens existing before the execution of said deed, and conveying the ninety-six acres of land described in said quit claim deed, as well as the other portions of the land described in the mortgage at the time said quit claim deed was executed by Diza alone; that, at a term of the Henry Circuit Court, 1890, the mortgage set forth with the complaint was duly foreclosed as against Rollin T. Butler, upon his default in this action, and a personal judgment rendered against him for the amount of said mortgage at the time, together with taxes and insurance paid by the said intestate.

As conclusions of law upon these facts, the court made the following:

"That the foregoing mortgage is senior in right and superior to any claim or right to any portion of the lands described therein of the said Martha Butler, and that any interest in the land that she may have is inferior to, and subject to, the amount of said mortgage, and that the plaintiff is entitled to foreclose the same against her.

"ALFRED ELLISON, Special Judge."

These conclusions of law are certainly correct upon the findings of fact. This follows from what we have said and from the reasoning and authorities cited in the case of *Butler* v. *Thornburgh, supra,* on the former appeal.

On that appeal, it appeared, from the findings, that prior to the deed made to Rollin T. Butler by his mother and brother, he "owned some portion, presumably one-third, of the property." And the court held that as to this interest in the land, the money paid by appellee's intestate in cancellation of liens on all the land "was not purchase-money; and the mortgage, in so far as it represents this amount, was not a purchase-money mort-

gage, the foreclosure of which would cut off her [Martha Butler's] inchoate interest."

By the findings in this case, however, it appears that Rollin T. Butler did not own any of the land prior to the deed made to him by his mother and brother. Consequently the reasoning of the court in the former case as to that interest in the land which was conveyed to Rollin by his mother and brother now applies to the whole of the land; and it is clear that the mortgage covers the whole of the land, and is a purchase-money mortgage as to it all, and of course superior to any interest in the same by Martha Butler, whether she executed the mortgage or not.

The appellants have filed a bill of exceptions, for what purpose we are unable to discover. It is said to be for the purpose of bringing up for consideration certain reserved questions of law. Neither the bill itself nor the record shows any reserved question of law as to any ruling of the court.

Judge Elliott, in his Appellate Procedure, section 239, says that "in accordance with the general principle of practice it is held, without diversity of opinion, that an exception to a ruling is essential to make it available in a case where questions of law are reserved." No exception to any ruling is shown, upon which any such question of law was reserved.

The conclusions of law upon the facts found can be judged only by the law as applied to such facts. If the facts were not correctly found, that circumstance could be shown only in a motion for a new trial, and by an examination of all the evidence; but the bill of exceptions does not profess to give all the evidence.

We have been able to discover no merit in this appeal. The judgment is affirmed.

Filed April 23, 1895.