## NORTH v. BARRINGER.

[No. 18,196. Filed March 10, 1897.]

PRACTICE.—*Agreed Case.—Intoxicating Liquors.—Statute Construed.* —Section 562, Burns' R. S. 1894 (553, R. S. 1881), providing for the submission of cases on an agreed statement of facts is not applicable to an application for a license to sell intoxicating liquors, on appeal from the board of commissioners to the circuit court. *pp. 225, 226.*

SAME.—*Agreed Case.—Appeal.*—The finding of the court on the submission of a cause upon an agreed statement of facts is properly presented for review by an exception to such finding, not by motion for a new trial. *p. 226.*

SAME.—*Agreed Case.—Statute Construed.*—An agreement as to the facts used merely as evidence in the trial of a cause, no affidavit accompanying such agreement as required in agreed cases, the record showing that there were pleadings after the commencement of the proceedings in the ordinary way, does not amount to an agreed case as provided by section 562, Burns' R. S. 1894 (553, R. S. 1881). *pp. 226, 227.*

INTOXICATING LIQUORS.— *License.— Defective Bond.*—Where a bond given to procure a license to sell intoxicating liquors was accepted in good faith and approved, and all other requirements of the statute were complied with, sales made under the license granted would not constitute a criminal offense and establish unfitness to be intrusted with a license, although the bond proved invalid on account of the failure of the principal to sign same. *pp. 227, 228.*

SAME.—*License.—Bond.—Failure of Principal to Sign Bond.*—The failure of the principal to sign a bond executed to procure a license to sell intoxicating liquors will not render such bond invalid. *pp. 228, 229.*

From the Kosciusko Circuit Court. *Affirmed.*

*H. S. Biggs* and *S. J. North,* for appellant.

*J. C. McLaughlin,* for appellee.

McCABE, J.—The appellee applied to, and obtained an order from the board of commissioners of Kosciusko county at the regular September term thereof for the year of 1894 granting him a license to sell intoxicating liquors in a less quantity than a quart at a time, for one year, to be drank on his premises particularly described, over the appellant's remonstrance. From that order the appellant, as such remonstrator, appealed to the circuit court of said county. In the circuit court the issues were tried without a jury, resulting in a finding for the appellant, upon which the proper judgment was rendered, the court having overruled appellant's motion for a new trial. The assignment of error calls in question that ruling, that being the only question presented thereby.

The only ground for the motion for a new trial, presented by appellant's brief, is that the finding is "contrary to law and the evidence." The only evidence was an agreed statement of the facts as follows: "It is agreed that said applicant is a male inhabitant of the State of Indiana over the age of 21 years; that he is not in the habit of being intoxicated; that from the 17th day of September, 1894, to the 23d day of December, 1894, said applicant has been engaged in selling intoxicating liquors in a less quantity than a quart at a time and suffering the same to be drank on the premises described in his application; that such sales have been ten sales per day during said time; that on the 6th day of September, 1894, said applicant filed with the auditor of Kosciusko county, Indiana, the following paper." Then follows a bond in due form of law to authorize the issue of license to sell intoxicating liquors in a less quantity than a quart to be drank on the premises, signed by eight sureties, but not signed by the applicant, but it was accepted and

approved, by the auditor of the county, September 6, 1894.

"And on the 17th day of September, 1894, without signing said bond himself, said applicant paid to the treasurer of said county the license fee required by law, and the auditor issued such license to him, and if said bond was a good and sufficient bond then such sales made between the 17th day of September, 1894, and the 23d day of December, 1894, when defendant filed his supplemental remonstrance herein, are legal and the finding of the court should be for the plaintiff, but if said bond was not a good, sufficient and legal bond such sales so made by plaintiff between said dates were illegal, and the finding of the court should be for the defendant, and that the plaintiff is not entitled to a license herein."

This agreement as to the facts in this case is not an agreed case as provided by statute. Section 562, Burns' R. S. 1894 (553, R. S. 1881). *Pennsylvania Co.* v. *Niblack*, 99 Ind. 149. If it were, it would be wholly insufficient for want of an exception to the finding of the court on the agreed facts, there being no necessity in such a case for a motion for a new trial. *Fisher* v. *Purdue*, 48 Ind. 323; *State, ex rel.*, v. *Board, etc.*, 66 Ind. 216. It has been held that the section of the code above cited as to an agreed case is not applicable to the trial of claims against decedents' estates. *Henes, Admr.*, v. *Henes*, 5 Ind. App. 100. And we think it much less applicable to an application for a license to sell intoxicating liquors. But even if it were so applicable the record fails to show that this was an agreed case under the statute; because the record shows that there were pleadings after the regular commencement of the proceedings in the ordinary way provided by the statute. There was no affidavit as required in an agreed case, a trial by the court, and a general finding. Under such

North *v.* Barringer.

circumstances there can be no agreed case under the statute. *Pennsylvania Co.* v. *Niblack, supra.* There was an agreement as to the facts which was used merely as evidence upon the trial. Such an agreement has been upheld as sufficient to take the place of the evidence. *Martin* v. *Martin,* 74 Ind. 207; *Witz, Admr.,* v. *Dale,* 129 Ind. 120.

Here the facts, agreed on at least by implication, show that the applicant was a fit person to be entrusted with a license, unless his sales of liquor as shown by the agreement were in violation of law because of his failure to sign the bond along with his sureties.

The agreement shows that the sales between the dates mentioned were made after a license had been granted to appellee covering the time of such sales. We presume that the agreement to the effect that if the bond set out was not a valid one the finding should be for the remonstrant, was based on the assumption that in that event the applicant had been selling intoxicating liquor in violation of law and, therefore, unfit to be intrusted with a license; not because he had no license, but because the bond he had given to procure his license was not valid, because not signed by the principal. But there are many facts lacking to make good these several assumptions as to the law. There is nothing to show that the alleged defective bond was the bond given to procure the said license, or that it was the only bond given to procure said license. For aught that appears, there may have been a proper bond given by the appellee, duly signed by him when his license was granted. But if it did appear sufficiently that the bond set out was the bond, and the only bond given to procure the license, it does not follow that sales under the license issued upon that bond would be illegal, or in violation of law. The statute pro-

vides that the board shall grant a license upon his giving bond with at least two free-hold sureties, resident within the county, to be approved by the county auditor. The county auditor approved the bond. If even the auditor and appellee were mistaken in supposing such a bond to be valid, it does not follow that sales made under his license, after he paid therefor, rendered him guilty of such moral turpitude as to conclusively unfit or disqualify him to be intrusted with a license. Even a conviction of the applicant of a violation of law in the sale of liquors, it has been held by this court, does not necessarily show him to be unfit to receive a license. *Golden* v. *Bingham*, 61 Ind. 198; *Lynch* v. *Bates*, 139 Ind. 206. Such evidence is proper to be considered on the question of his fitness, but it is not conclusive of his unfitness. But if the bond was even invalid for want of the principal's name thereto, if in fact it was executed and accepted in good faith on both sides supposing it to be valid, and all other requirements of the statute were complied with on the part of appellant, sales made by him under a license granted thereon would not constitute a criminal offense and would not establish unfitness to be intrusted with a license. But no reason is perceived why the want of the principal's name to the bond should render it invalid. The sureties duly executed the bond, it was approved and accepted by the officer appointed by law to accept and approve it. The surety may be held liable though the principal is released by his discharge in bankruptcy, or on account of infancy, coverture and the like. *Post, Admr.*, v. *Losey*, 111 Ind. 74. There was a valid consideration for the execution of the bond by the sureties in the issue of the license to the appellee, going to his benefit. The consideration need not be of benefit to the party making the promise. *Koh-i-moor Laundry Co.* v. *Lockwood*, 141 Ind. 140. Be-

sides, the statute cured the bond, even if it was defective. Section 1235, Burns' R. S. 1894 (1221, R. S. 1881).

We therefore conclude that the finding is not contrary to the law or the evidence, and, hence, the circuit court did not err in overruling appellant's motion for a new trial. We have not been favored with any brief on behalf of the appellee.

Judgment affirmed.