The City of Shelbyville v. Phillips.

---

THE CITY OF SHELBYVILLE *v.* PHILLIPS.

[No. 18,134.    Filed Dec. 7, 1897.    Rehearing denied Feb. 18, 1898.]

SUBMISSION OF CONTROVERSY. — *Agreed Case.— Jurisdiction.*—The court has no jurisdiction to hear and determine a cause submitted as an agreed case, under section 562, Burns' R. S. 1894 (553, R. S. 1881), where no affidavit was made that the controversy was real, and that the proceedings were brought and submitted in good faith.  *p. 553.*

SAME.—*Appeal and Error.—Exception.* — In order to present any question on appeal from a decision of the trial court on an agreed case an exception must be saved to the decision or finding of the court.  *p. 553.*

SAME.—*Appeal and Error.—Record.*—Where the record does not show that the facts agreed upon constituted all of the evidence in the trial of a cause on an agreed statement of facts it will be presumed that the facts relied upon by the court were such as to justify the finding.  *pp. 553, 554.*

From the Bartholomew Circuit Court.    *Affirmed.*

*David L. Wilson,* for appellant.

*K. M. Hord, Ed. K. Adams,* and *Lee F. Wilson,* for appellee.

HOWARD, C. J.—On November 8, 1894, appellee was charged before the mayor of the city of Shelbyville

with having violated an ordinance of said city, by opening his saloon on November 6, 1894, the day of a general election. Such proceedings were had that the appellee was found guilty of the offense charged, and fined therefor; that an appeal was taken to the circuit court of the county, from which, on change of venue, the case went to the court below; and that on June 20, 1896, there was a finding for the appellee, and judgment entered in his favor. From this judgment the city appeals.

The only question involved in the issues and argument of counsel relates to the validity of the ordinance of the city of Shelbyville, but the question so sought to be presented is not properly saved for our decision, by reason of the condition of the record as brought here upon this appeal.

An effort seems to have been made to try this as an agreed case, under section 562, Burns' R. S. 1894 (553, R. S. 1881). There was an agreed statement of facts, "made out and signed by the parties," as prescribed in that statute. But there was no "affidavit that the controversy is real and the proceedings in good faith," as also required. The court had, therefore, no jurisdiction to determine the case, as so brought. *Sharp* v. *Sharp's Administration*, 27 Ind. 507; *Manchester* v. *Dodge*, 57 Ind. 584. There was, besides, no exception to the decision or finding of the court, which has often been held necessary in an agreed case. *Fisher* v. *Purdue*, 48 Ind. 323; *Warrick, etc., Ass'n* v. *Hougland*, 90 Ind. 115; *Pennsylvania Co.* v. *Niblack*, 99 Ind. 149.

As in the case last cited, the case at bar was rather "a trial upon an agreed statement of facts used merely as evidence." This statement of facts is brought into the record by bill of exceptions, but the bill does not state that the facts, as so agreed to, constituted all the evidence given in the cause. There is nothing in the

record to show what were the facts upon which the decision rested, and the court may have been influenced by evidence that does not appear in the bill of exceptions. We must presume that the facts relied upon by the court were such as to justify its finding, and hence that the motion for a new trial was properly overruled.

No error appearing, the judgment is affirmed.

McCABE, J., is of the opinion that this case should be transferred to the Appellate Court, and dissents for this reason only.

HACKNEY, J., did not participate in this decision.