## THE STATE *v.* FRIEDLEY.

[No. 18,623. Filed November 2, 1898.]

APPEAL AND ERROR.—*Exceptions.—Divorce.—Defense by Prosecuting Attorney.—Appeal.*—Where a prosecuting attorney was admitted to defend a divorce suit on the representation that the suit was collusive, and the defense made by the defendant was not in good faith, an appeal will not lie from the action of the court in rejecting the defense of such prosecuting attorney and discontinuing him as a representative of the State in such cause where no exception was taken to such ruling of the court. *pp. 404-406.*

PROSECUTING ATTORNEY.—*Divorce.*—A motion for a new trial and a tender of a bill of exceptions in a divorce proceeding by a prosecuting attorney were entitled to no recognition by the court where such prosecuting attorney was admitted to defend, and upon a hearing of the evidence was discontinued as a representative of the State in such cause before tendering such motion and bill of exceptions. *p. 406.*

SUPREME COURT.—*Writ of Mandate.—Petition.—Sufficiency.*—A petition for an alternative writ of mandate from the Supreme Court directing a judge of the trial court to show cause why a motion for a new trial should not be filed and a bill of exceptions tendered be signed and made part of the record is bad where it is not shown that such motion and bill of exceptions were tendered with a view to an appeal to the Supreme Court. *p. 407.*

Original Action. *Writ of Mandate denied.*

*Harry R. McMullen,* for State.

*Warren N. Hauck,* for respondent.

HACKNEY, C. J.—The questions herein arise upon demurrer to a petition on behalf of Harry R. McMullen, prosecuting attorney for the Seventh Judicial Circuit, against William T. Friedley, special judge of the Dearborn Circuit Court. It is alleged that the respondent, acting as special judge in the trial of a

suit for divorce, admitted the prosecuting attorney to defend therein, upon the representation that the suit was collusive, and the defense made by the defendant therein was not in good faith. The suit proceeded to trial, and decree in favor of the plaintiff therein, and an order that the prosecuting attorney be discharged from further service in said suit, to which order there was an objection, but no exception. It is shown that thereafter said prosecuting attorney, during the term, tendered a motion for a new trial of said suit, which motion the court, said judge presiding, declined to entertain, or allow to be filed. Neither said motion nor the grounds thereof appear from the petition herein. It is also shown that after the term, time not having been sought or given beyond the term, said prosecuting attorney tendered to the respondent a general bill of exceptions, relating to questions of evidence only, and asked that the same be signed and ordered made a part of the record, which the respondent declined to do. The prayer of the petition is that the alternative writ of mandate issue directing the respondent to show cause, if any, why said motion for a new trial should not be filed, and said bill of exceptions signed and made a part of the record. From these facts there is possible inference, but no allegation to the effect, that the prosecuting attorney desires or intends to appeal from the decree in said suit. In support of the demurrer it is insisted that no appeal by a prosecuting attorney appearing in a divorce suit will lie. There is no provision of the statute expressly allowing an appeal by the prosecutor. The only statute permitting him to defend is section 1038, Horner's R. S. 1897, as follows: "Whenever a petition for divorce remains undefended, it shall be the duty of the prosecuting attorney to appear and resist such petition."

Whether the prosecutor, appearing in pursuance of this provision, appears simply as an attorney or whether he, in his representative capacity, becomes so far a party as to give him or to give the State an appealable interest in any case are questions not necessary at this time to decide.

In this case his appearance, if authorized by the statute quoted, there having already been a defense, was upon the theory that such defense was not in good faith,—was no defense. The court, having heard the case, upon the evidence, rejected the prosecutor's defense, and, whatever his legal attitude toward the case, he was expressly discontinued as a representative of the State in that behalf. To this action of the court there was no exception, and there can be no question for appeal arising therefrom. Section 626, Horner's R. S. 1897; *Chicago, etc., R. W. Co.* v. *McBeth,* 149 Ind. 78.; *Lime City, etc., Savings Ass'n* v. *Black,* 136 Ind. 544; *Butler* v. *Thornburgh,* 141 Ind. 152; *Hedrick* v. *Whitehorn,* 145 Ind. 642; *Johnson* v. *Eberhart,* 140 Ind. 210; *Fletcher* v. *Waring,* 137 Ind. 159. Having had his relations to the case cut off before the offer of the motion for a new trial or the tendering of the bill of exceptions he had no authority to take further steps, and those proposed were entitled to no recognition. The bill of exceptions not having been tendered to the judge until after the close of the term, and no time beyond the term having been obtained, it came too late. Section 626, Horner's R. S. 1897; *Marshall* v. *Beeber,* 53 Ind. 83; *Whiteworth* v. *Sour,* 57 Ind. 107; Elliott's App. Pro., sections 800, 801, and authorities there cited.

It may be said, however, that the filing of the motion for a new trial would carry the exceptions over until it was ruled upon. The motion and its grounds not being before us, we cannot say that it was not

properly rejected as presenting no legal ground for a new trial. The exceptions reserved by the proposed bill of exceptions, relating alone to the evidence, and the petition failing to show that the motion for a new trial presented as grounds for a new trial any of the rulings so excepted to, we cannot say that the petitioner was harmed by the refusal to entertain the motion, or that such exceptions would become available. The motion may have related to none of such rulings, and such rulings could only be made available upon a motion for a new trial. *Starner* v. *State, ex rel.*, 61 Ind. 360; *Rousseau* v. *Corey*, 62 Ind. 250; *Conner* v. *Town of Marion*, 112 Ind. 517; *Brown* v. *State*, 140 Ind. 374.

An objection to the petition as fatal as any we have stated is that it is not shown that the steps sought to be enforced in the divorce case are with a view to an appeal. The statute expressly provides that the writ of mandate "shall issue from the Supreme Court only when necessary for the exercise of its functions and powers," section 1167, Horner's R. S. 1897. The "functions and powers" of this court would be necessarily involved only when, by the failure of the trial judge, the parties would be prevented from perfecting a desired appeal. The petition is insufficient, and the demurrer is sustained.