## AUBAIN v. UNITED BROTHERHOOD · OF CARPENTERS AND JOINERS OF AMERICA.

[No. 9,149. Filed February 15, 1917.] ·

1. APPEAL.—*Assignments of Error.—Question Presented.—Exceptions.*—Assignments of error that are not based on exceptions shown in the record cannot be considered on appeal. p. 637.

2. APPEAL.—*Agreed Case.—Presenting Questions for Review.—Exceptions.*—A motion for a new trial is not contemplated in an agreed case, there being no question for decision except the law arising upon the agreed facts, and a question of law in such a case, to be presented on appeal, must be saved by an exception to the decision of the trial court taken at the proper time. p. 637.

3. APPEAL.—*Agreed Statement of Facts.—Presenting Question for Review.—Motion for a New Trial.—Bill of Exceptions.*—Where issues are joined upon an agreed statement of facts, a motion for a new trial is required to raise any question on appeal involving the evidence, and the agreed statement of facts must be made a part of the record by a bill of exceptions, and the record must affirmatively show that it contains all the evidence that was adduced at the trial. p. 637.

From Marion Circuit Court (23,904); *Charles Remster,* Judge.

Action by Eva Dufresne Aubain against United Brotherhood of Carpenters and Joiners of America. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Frank G. West* and *Wetzel Swartz,* for appellant.

*Joseph O. Carson,* for appellee.

BATMAN, J.—This is an agreed case under §579 Burns 1914, §553 R. S. 1881, involving the construction of certain sections of the constitution of appellee with reference to the payment of a funeral donation to appellant, as the widow of a deceased member. The court below made a general finding in favor of appellee, who was the defendant in the action, and rendered judgment that appellant take nothing and that appellee recover its costs. Appellant filed a motion for a new trial, which motion was overruled, and an exception was

reserved to such ruling. This was the only exception reserved in the court below as appears from the record. Appellant, who was plaintiff below, appealed and assigned errors as follows: The court erred in finding for the defendant; in rendering judgment on the agreed case in favor of the defendant; and in overruling the motion for a new trial.

1. If it should be conceded that the first two assignments of error are sufficient to raise any question on appeal, they could not be considered in this case, as they are not based on any exception shown in the record.

This leaves for consideration only the ruling of the court on appellant's motion for a new trial. It is well settled in this state that a motion for a new trial

2. is not contemplated in an agreed case, as the facts would necessarily be the same on a second trial, and there would be nothing gained thereby; that, the facts being agreed upon, there is no question for decision, except the law arising upon such facts, as in a demurrer to the evidence or on a special finding of facts by the court; that a question of law in such case is saved by an exception to the decision of the trial court upon the agreed case, and unless the record shows that such an exception was taken to the decision at the proper time, no question will be presented on appeal. 2 Woolen, Trial Procedure §4363; *Fisher* v. *Purdue* (1874), 48 Ind. 323; *State, ex. rel.* v. *Board, etc.* (1879), 66 Ind. 216; *Thatcher* v. *Ireland* (1881), 77 Ind. 486; *Lofton* v. *Moore* (1882), 83 Ind. 112; *Hall, Executor,* v. *Pennsylvania Co.* (1883), 90 Ind. 459; *North* v. *Barringer* (1896), 147 Ind. 224, 46 N. E. 531; *City of Shelbyville* v. *Phillips* (1897), 149 Ind. 552, 48 N. E. 626; *Geisen* v. *Reder* (1898), 151 Ind. 529, 51 N. E. 353, 1060.

The record indicates that the trial court may have treated the agreed case as an agreed statement of facts in its finding and judgment. However, if we should so con-

3. sider it here, still there would be no question for our determination, as the evidence would not be in the

record on that theory. There is a marked difference between an "agreed case" and an "agreed statement of facts," although some confusion has arisen from an evident inadvertent misuse of terms. The courts hold that where issues are joined in a case submitted for trial, either to a court or jury, upon an agreed statement of facts, a motion for a new trial is required to raise any question on appeal involving the evidence, and the agreed statement of facts must be made a part of the record by a bill of exceptions, and such record must affirmatively show that it contains all the evidence that was adduced on the trial of the cause. *Pennsylvania Co.* v. *Niblack* (1884), 99 Ind. 149; *Citizens Ins. Co.* v. *Harris* (1886), 108 Ind. 392, 9 N. E. 299; *Reddick* v. *Board, etc.* (1895), 14 Ind. App. 598, 41 N. E. 834, 43 N. E. 238; *Wright* v. *Shelt* (1897), 19 Ind. App. 1, 48 N. E. 26; *Morrison* v. *Morrison* (1896), 144 Ind. 379, 43 N. E. 437.

There is no bill of exceptions in the record in this case, and it therefore follows from the authorities cited that the action of the court in overruling appellant's motion for a new trial raises no question in this court in either event; and since an exception to the action of a trial court is essential in order to make the same available on appeal, and the record discloses no exception, save the one relating to the ruling on the motion for a new trial, we conclude that there is no question presented for our determination. *Butler* v. *Thornburgh, Admr.* (1895), 141 Ind. 152, 40 N. E. 514; *Hedrick* v. *Whitehorn* (1896), 145 Ind. 642, 43 N. E. 942; *State* v. *Friedley* (1898), 151 Ind. 404, 51 N. E. 473.

Judgment affirmed.

Note.—Reported in 115 N. E. 78.