NOTE.—Reported in 260 N. E. 2d 887.

THE EQUITABLE LIFE ASSURANCE SOCIETY *v.* FRANK, ADMINISTRATOR

[No. 1269A256. Filed July 1, 1970. Rehearing denied August 11, 1970. Transfer denied November 16, 1970.]

*Gustav H. Dongus, Dongus, Ging, Stein & Cregor,* of Indianapolis, *Lacey, Angel and Good,* of counsel, of Kokomo, for appellant.

*Edward S. Mahoney, O'Mahoney, Mahoney & Simmons,* of Kokomo, *R. Stanley Lawton, G. Daniel Kelley, Jr., Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

PER CURIAM.—This matter is before us on the Appellee's Motion to Dismiss or Affirm and Request For Damages. Said Motion alleges as cause therefor, *inter alia*, as follows:

"1. This cause was submitted to the trial court as an 'agreed case' wherein a motion for a new trial was not proper and the time for appeal ran from the date of judgment. Appellant failed to file the Transcript and Assignment of Errors in compliance with Supreme Court Rule 2-2 since:

(a) the judgment of the trial court was entered on June 13, 1969, and

(b) appellant filed the Transcript and Assignment of Errors with the Clerk of this Court on December 30, 1969.

For this reason the appeal should be dismissed."

In view of the result we have reached, we need not consider the other causes alleged in appellee's motion.

Appellee asserts that this case was submitted to the trial court as an agreed case under the provisions of Burns' Indiana Statutes § 2-2201, and that in such cases a motion for new trial is not proper, but that the time for appeal begins to run from the date of the trial court's judgment. Appellee states that the judgment of the trial court was entered on June 13, 1969, but that the transcript and assignment of errors were not filed until December 30, 1969, so that the time for appeal pursuant to Supreme Court Rule 2-2 had expired and this appeal must be dismissed.

The statute providing for a cause to be submitted as an agreed case, Burns' Indiana Statutes § 2-2201 *et seq* (1968 Repl), reads as follows:

"2-2201 [604]. Agreed case—Affidavit.—Parties shall have the right in all cases, either with or without process, by agreement to that effect, to submit any matter of controversy between them, to any court that would otherwise have jurisdiction of such cause, upon an agreed statement of facts, to be made out and signed by the parties;

"but it must appear by affidavit that the controversy is real, and the proceedings in good faith, to determine the

rights of the parties, whereupon the court shall proceed to try the same, and render judgment as in other cases. [Acts 1881 (Spec. Sess.), ch. 38, § 456, p. 240.]"

The record reveals that this cause was commenced by the appellee filing a complaint in the trial court to recover on a certain insurance policy. Thereafter, without the cause ever having been put at issue by the pleadings, the plaintiff and defendant by their respective counsel, filed what was denominated "Agreed Statement of Facts". The Agreed Statement of Facts commences as follows:

"Plaintiff and defendant, by their respective counsel, respectfully submit to the court the following agreed statement of facts, to be considered by the court as all of the evidence in the cause of action now pending before the court in the above-captioned cause, and respectfully pray the court to render its general finding and judgment thereon:"

Then followed the statement of agreed facts. The relief prayed was as follows:

"WHEREFORE, the parties hereto ask the court to render such judgment on said agreed case as the law will warrant."

This was signed by counsel both for the plaintiff and defendant, and immediately after their signature appeared the following:

"Before me personally appeared Edward S. Mahoney and Richard P. Good, now, being duly sworn, stated that the controversy submitted in the above case is real and the proceedings are in faith to determine the rights of the parties.

/s/ JAMES R. BUTCHER
Notary Public

My Commission Expires
Sept. 17, 1972."

Thereafter the parties filed their Additional Stipulation of Facts, which was signed by counsel for both the plaintiff

and defendant, and which contained, after the signatures of counsel, the following:

"Before me personally appeared Edward S. Mahoney and Richard P. Good, now, being duly sworn, stated that the controversy submitted in the above case is real and the proceedings are in faith to determine the rights of the parties.

/s/ BARBARA A. THOMPSON
Notary Public

My Commission Expires
9-9-72"

It further appears from the record that briefs were filed by the parties, and oral argument heard, after which the Court entered its judgment as follows:

"Comes now the parties and having submitted their additional stipulation of facts as of May 14, 1969, and the Court having heard the arguments of counsel and having taken this cause under advisement, now enters judgment that the plaintiff have and recover from the defendant Twenty Thousand One Hundred and Sixty-Nine Dollars ($20,169.00) and the costs of this action, all as per written opinion and judgment of the Court."

It thus appears from the record that the parties complied with all the statutory requirements in submitting this cause as an agreed case to the trial court. The cause was never put at issue by the pleadings, but instead the parties filed written agreed statements of fact, signed by counsel for both parties, supported by the required affidavits, and requested the Court to render judgment thereon.

Appellant now argues that this cause was not submitted as an agreed case in the trial court, but rather was submitted and tried on an agreed statement of facts, and therefore a motion for a new trial was a prerequisite to its appeal.

We have examined the cases cited by appellant in support of its argument, and we find that in each of the cases cited by the appellant the procedure in the trial court differed from the proceedings in this case. In each of the cases cited

by the appellant, there was some deviation from the requirements set out in the statute providing for submitting a cause as an agreed case under the statute, and the case was held to be a case tried on an agreed statement of facts.

Thus, in the case of *Struble-Werneke Motor Company, Incorporated* v. *Metropolitan Securities Corporation* (1931), 93 Ind. App. 416, 178 N. E. 460, the cause was put at issue by the pleadings, after which the parties filed a stipulation of facts. The Court, in holding this was not an agreed case under the statute stated, at pages 420 and 421:

" . . . Before such evidence can be treated as 'an agreed statement of the facts' within the meaning of said section of the statute, the agreement must be 'made out and signed by the parties,' and 'it must appear by affidavit that the controversy is real, and the proceedings in good faith to determine the rights of the parties.' *The record does not disclose the formalities that are necessary to constitute the evidence brought before the court in the instant case an 'agreed case' upon 'an agreed statement of facts' within the meaning of said § 604, supra.* At most, the stipulation constitutes simply the evidence in the case, and nothing more." (our emphasis)

In the case of *Pennsylvania Company* v. *Niblack* (1884), 99 Ind. 149, the cause was put at issue by the pleadings, after which there was a trial by the court on an agreed statement of facts. The Court stated at page 150:

"This was not an agreed case under section 553, R.S. 1881, but it was a trial upon an agreed statement of facts used merely as evidence. . . . In an agreed case under section 553, *supra,* no pleadings are required, nor is a motion for new trial necessary."

Thus, none of the cases cited by appellant in support of its argument that this case was not submitted as an agreed case are pertinent because in this case, the statutory requirements were complied with, where as in the cases cited by appellant, either the statute was not complied with, as in *Struble-Werneke Motor Company, supra,* or the case was put at issue,

after which the parties made stipulations of fact which were used as evidence in the case, as in *Pennsylvania Company, supra.*

The appellant then sets out the following quotation from the case of *Aubain* v. *United Brotherhood of Carpenters and Joiners of America* (1917), 63 Ind. App. at 638, 115 N. E. 78, in support of its contention that a motion for new trial was required in this case as a condition to appeal:

> "There is a marked difference between an 'agreed case' and an 'agreed statement of facts,' although some confusion has arisen from an evident inadvertent misuse of terms. The courts hold that where issues are joined in a case submitted for trial, either to a court or jury, upon an agreed statement of facts, a motion for a new trial is required to raise any question on appeal involving the evidence, and the agreed statement of "facts must be made a part of the record by a bill of exceptions, and such record must affirmatively show that it contains all the evidence that was adduced on the trial of the cause. *Pennsylvania Co.* v. *Niblack* (1884), 99 Ind. 149; *Citizens Ins. Co.* v. *Harris* (1886), 108 Ind. 392, 9 N. E. 299; *Reddick* v. *Board, etc.* (1895), 14 Ind. App. 598, 41 N. E. 834, 43 N. E. 238; *Wright* v. *Shelt* (1897), 19 Ind. App. 1, 48 N. E. 26; *Morrison* v. *Morrison* (1896), 144 Ind. 379, 43 N. E. 437."

We have no quarrel with that general statement. However, it does not apply to this cause, because in this cause the issues were never joined.

The appellant overlooks an earlier quotation from the *Aubain case, supra,* appearing on page 637, as follows:

> "This leaves for consideration only the ruling of the court on appellant's motion for a new trial. It is well settled in this state that a motion for a new trial is not contemplated in an agreed case, as the facts would necessarily be the same on a second trial, and there would be nothing gained thereby; that, the facts being agreed upon, there is no question for decision, except the law arising upon such facts, as in a demurrer to the evidence or on a special finding of facts by the court; that a question of law in such case is saved by an exception to the decision of the trial court upon the agreed case, and unless the

record shows that such an exception was taken to the decision at the proper time, no question will be presented on appeal. 2 Woolen, Trial Procedure § 4363; *Fisher* v. *Purdue* (1874), 48 Ind. 323; *State, ex rel.* v. *Board, etc.* (1879), 66 Ind. 216; *Thatcher* v. *Ireland* (1881), 77 Ind. 486; *Lofton* v. *Moore* (1882), 83 Ind. 112; *Hall, Executor,* v. *Pennsylvania Co.* (1883), 90 Ind. 459; *North* v. *Barringer* (1896), 147 Ind. 224, 46 N. E. 531; *City of Shelbyville* v. *Phillips* (1897), 149 Ind. 552, 48 N. E. 626; *Geisen* v. *Reder* (1898), 151 Ind. 529, 51 N. E. 353, 1060."

Of course, after the adoption of Supreme Court Rule 1-5, exceptions were no longer necessary to present error on appeal. Rules of Supreme Court of Indiana, Rule 1-5 *Wiltrout, Indiana Practice,* Vol. 2, § 1688, p. 497.

Lastly, the appellant quotes from the case of *Schadle et al* v. *Miller et al* (1960), 131 Ind. App. 298, at 302, 162 N. E. 2d 702, to support its argument that a motion for new trial was necessary in this instance, as follows:

" . . . On appeal the stipulation must be brought into the record by bill of exceptions, and a motion for a new trial is required to present error. *Aubain* v. *United Brotherhood, etc., supra;* Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, Vol. 2, § 1761, p. 365. . . . "

However, appellant overlooks the fact that earlier in that opinion Judge Myers had distinguished between an agreed case and a case wherein a stipulated set of facts is submitted, and that the above quotation refers to those cases where stipulated facts are submitted, pleadings are required and trial is had on the issues raised by the pleadings. *Schadle* v. *Miller, supra,* pp. 301 and 302.

Where, as in this case, the parties have complied with the statute in submitting the cause as an agreed case, a motion for new trial is not necessary to bring the matter up on appeal. *Fisher* v. *Purdue* (1874), 48 Ind. 323; *Witz, Administrator* v. *Dale et al.* (1891), 129 Ind. 120, 27 N. E. 498; *Aubain* v. *United Brotherhood, etc.* (1917), 63

Ind. App. 636, 115 N. E. 78; *Galesburg Coulter Disc Company* v. *Hunter* (1934), 208 Ind. 330, 196 N. E. 94; *Schadle et al.* v. *Miller, et al., supra.*

When a motion for new trial is not appropriate, such motion presents nothing for review. *Wiltrout, Indiana Practice,* Vol. 2, § 1774, p. 545; *Meier* v. *Social Security Administration, et al.* (1957), 237 Ind. 421, 146 N. E. 2d 239; *Dawson, et al.* v. *Wright, Mayor of City of Anderson, et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796.

Because the motion for new trial was not appropriate, it did not extend the time within which to perfect the appeal. *Wiltrout, Indiana Practice,* Vol. 3, § 2475(7); *Joyner etc.* v. *Housing Authority of City of Gary, Indiana, et al.* (1959), 130 Ind. App. 167, 162 N. E. 2d 685.

As herein stated, judgment was rendered in this cause on June 13, 1969. The appeal was required to be perfected within ninety days after entry of judgment, or on or about September 11, 1969. However, the transcript and assignment of errors were not filed in this Court until December 30, 1969. The failure to perfect this appeal from the final judgment within ninety days, or within time as properly extended by order of Court, fails to give this Court jurisdiction of this appeal and it must be dismissed. *Joyner, etc.* v. *Housing Authority of City of Gary, Indiana, supra; Dawson* v. *Wright, Mayor, supra; Harding* v. *Brown* (1969), 144 Ind. App. 528, 247 N. E. 2d 536.

For the above and foregoing reasons, the Appellee's Motion to Dismiss is sustained. Appellee's request for damages is denied.

Appeal dismissed.

Sharp, Sullivan and White, JJ., dissent.

NOTE.—Reported in 259 N. E. 2d 706.